[Crim. No. 1410.   Fourth Dist.   Mar. 20, 1959.]

THE PEOPLE, Respondent, v. PRENTISS LOUIS COLLIER, Appellant.

Prentiss Louis Collier, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Philip C. Griffin, Deputy Attorney General, for Respondent.

GRIFFIN, P: J.—Defendant-appellant was convicted by a jury of violating section 11500 of the Health and Safety Code (felonious possession of a narcotic, marijuana).

From June 14 to June 17, 1958, one McGill lived with defendant and one Andrews at 67 19th Street, San Diego. It was considered to be defendant's apartment. About 7 a.m. on June 15th McGill, who slept in the front room, testified he observed defendant enter the apartment carrying a little box (Exhibit 1), and he took it into his bedroom, left it there and returned to the front room where Andrews and McGill were seated. They all left for town and en route were stopped and arrested on a charge of attempted robbery. On June 17th defendant talked to an officer who sought permission from him to search his apartment. This was granted. Apparently the officer was looking for loot from a robbery committed on June 14th. At the time defendant spoke up and said: "You might find something out there but it is not mine. There is a lot of people that use that apartment." The officers and McGill went to it. McGill used his key to admit the officer. A search was made and on the floor of the bedroom closet, under a red bathrobe, was found a laundry box (Exhibit 1), inside of which were found 18 hand-rolled marijuana cigarettes, loose vegetation was found in a paper bag, as well as an empty cigarette paper box labeled "Zigzag." On June 17th defendant was informed of the find. Defendant denied knowing anything about it. The officers removed certain debris from defendant's shirt and trousers which he was wearing and which proved to be marijuana debris.

Defendant's car which had been impounded was searched. A partially consumed hand-rolled marijuana cigarette was found on the floor-board. Another search of the apartment was made. On the mantel piece was found some green botanical material and cigarette papers. On the floor of the bedroom closet was found similar material. All proved to be particles of marijuana.

Defendant testified that after he had been away for a month

or so from his apartment, on his return he found McGill had moved into it and had paid the rent and the utilities. McGill testified he had to sign for and pay the utilities because otherwise they were going to be disconnected. Defendant then testified that at about 6:30 a.m. on June 16th, he and Andrews entered the apartment and he argued with McGill because McGill had been wearing his clothes. He testified further he had no box in his hand when he entered the apartment as claimed by McGill and had never seen such a box; that on that morning they were driving along in the car and the officers stopped them, found five I.D. cards belonging to McGill in the car, and also saw a large wrench in McGill's pocket; that they took them all to jail for suspicion of robbery; that he and Andrews gave fictitious names to the police; and that he had no knowledge of the presence of marijuana in the apartment, in the car, or in his pockets.

Defendant was convicted and now argues on appeal that he should not have been convicted of possession of narcotics when the other two persons with him were not so charged and convicted; that his constitutional rights were violated in searching his apartment and car without a search warrant, in violation of the Fourth Amendment to the United States Constitution; and that if he did give the officers permission to search his apartment, it was only to look for loot from the claimed robbery; that there were other prosecution witnesses who were not called; that McGill was called as a witness for the prosecution and not charged; that it was just as plausible to believe McGill was in the process of tailoring marijuana cigarettes that morning and became excited and put the box containing them in defendant's closet; that the trial judge made an erroneous assumption when he sentenced defendant by saying: "I don't think anyone that uses marijuana cigarettes has any need for 18 on hand at one time. I think he was doing something else with them besides smoking. Probation will be denied."

In an additional brief defendant reargues the facts and claims that in the interest of justice this court should afford him "his legal freedom as expeditiously as possible."

■ Suffice it to say from an examination of the entire record, it appears that there was sufficient evidence to support the finding of the jury that the defendant violated section 11500, *supra*, and was accorded a fair trial. It is not our province to say that the jury should have believed defendant's story as opposed to other evidence. ■ A search

of defendant's apartment was authorized by his own permission. The car was impounded by the officers and apparently they had a present right of access to it. ■ Even though the search of the apartment was authorized for one purpose, the taking of contraband found in that search would not be a violation of defendant's constitutional rights. The evidence was admissible against defendant in this action. (*People* v. *Wright,* 153 Cal.App.2d 35, 40 [313 P.2d 868]; *People* v. *Roberts,* 47 Cal.2d 374 [303 P.2d 721]; *People* v. *Lujan,* 141 Cal.App.2d 143, 147 [296 P.2d 93].) There is no sufficient showing of any claimed prejudicial error justifying a reversal.

Judgment affirmed.

Mussell, J., and Shepard, J., concurred.