[Crim. No. 6469.   Second Dist., Div. Three.   Apr. 14, 1959.]

THE PEOPLE, Respondent, v. JAMES E. CLIFTON,
Appellant.

Robert L. Gardner, under appointment by the District
Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Ernest E. Sanchez, Deputy Attorney General, for Respondent.

618

VALLÉE, J.—The court, sitting without a jury, found defendant guilty of possessing marijuana. (Health & Saf. Code, § 11500.) He appeals from the judgment sentencing him to state prison.

On April 1, 1958, about 7:45 p. m. Officer Wiseman of the Los Angeles Police Department and his partner observed defendant in a doorway at 416 East Fifth Street, Los Angeles. Wiseman had arrested defendant in 1957 for possession of marijuana and defendant had been acquitted of that charge. When Wiseman and his partner saw defendant on April 1, 1958, Wiseman approached defendant and detected a strong odor of marijuana about his person. Wiseman said to defendant, "You have been blasting a little tea." Defendant said, "No, I haven't. I gave that up. I have a job now." Wiseman told defendant he was going to look in his eyes. Defendant nodded and made no comment. Wiseman examined defendant's eyes with his flashlight and found they were dilated and failed to react to light. Wiseman had worked on the narcotics squad about two years. He formed the opinion that defendant had been smoking marijuana. Wiseman reached inside defendant's coat pocket and removed a small cellophane package containing three marijuana cigarettes. Defendant did not give Wiseman permission to search him.

As Wiseman removed the package from defendant's pocket, defendant lunged toward him in an attempt to grab the cigarettes out of his hand. A scuffle followed. Defendant was handcuffed, arrested, and taken to the police station. Defendant told Wiseman he had found four cigarettes in the street and had smoked one just before seeing the officers; he was not trying to run away; he was just trying to grab the cigarettes to get rid of them.

The officers had neither a search warrant nor a warrant for defendant's arrest.

Defendant moved to strike the testimony of Officer Wiseman on the ground the search and seizure were unreasonable. The motion was denied. Defendant objected to the reception in evidence of the three marijuana cigarettes on the same ground. The objection was overruled.

Defendant's sole contention is that the search and seizure were unreasonable and that the court erred in denying his motion to strike the testimony of Officer Wiseman and in overruling his objection to the reception of the cigarettes in evidence.

A search without a warrant is not unreasonable if the

officer has reasonable cause to believe a person is carrying contraband. (*People* v. *Gale,* 46 Cal.2d 253, 255 [294 P.2d 13].) ■ Reasonable cause is a suspicion founded on circumstances sufficiently strong to warrant a reasonable man in the belief that the charge is true. (*People* v. *Brite,* 9 Cal.2d 666, 687 [72 P.2d 122].) ■ There is nothing unreasonable in an officer's questioning a person outdoors at night. (*People* v. *Simon,* 45 Cal.2d 645, 650 [290 P.2d 531].) ■ An officer may use his sense of smell to afford him knowledge that an offense is being committed in his presence. (*People* v. *Cahill,* 163 Cal.App.2d 15, 18 [328 P.2d 995].) Mr. Justice Dooling, in *People* v. *Bock Leung Chew,* 142 Cal.App.2d 400 [298 P.2d 118], wrote (p. 403):

"The weight of authority, with which we are in agreement, is with the view that the offense is committed in the presence of an officer 'when the officer receives knowledge of the commission of an offense in his presence through any of his senses' (6 C.J.S., Arrest, § 5, p. 581) and this includes the sense of smell (see cases collected in note 52, 6 C.J.S., p. 582). The crime of possession of a narcotic does not require the immediate presence of the defendant so long as he has 'knowledge of the presence of the object as embraced within the concept of "physical control with the intent to exercise such control," which constitutes the "possession" denounced by the statute.' [Citation.] Thus, if respondent, as he later admitted, had physical control of the yen shee with knowledge of its *narcotic* character, the crime of possession was being committed in the presence of the officers although respondent was not there at the time. Respondent's arrest, in view of his absence from the apartment, was made with reasonable promptness thereafter. The search is not unlawful because it precedes rather than follows the arrest. [Citation.]"

■ The officer approached defendant at night, detected a strong odor of marijuana about his person, examined his eyes with his consent, and found that the pupils were dilated and failed to react to light. The officer had reasonable cause to believe that defendant had committed a public offense in his presence, and the search and seizure were not unreasonable. The court did not err in denying the motion to strike the testimony of Officer Wiseman or in overruling the objection to the reception of the marijuana cigarettes in evidence.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.