[Crim. No. 6769.   Second Dist., Div. Two.   Jan. 25, 1960.]

THE PEOPLE, Respondent, v. GARY S. OKAMOTO, Appellant.

Harry E. Weiss and Russell E. Parsons for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

HERNDON, J.—Convicted in a nonjury trial of unlawful possession of narcotics, appellant appeals from the judgment, urging that the incriminating evidence was illegally obtained in that the officers induced him to consent to a search of his apartment by falsely telling him that they suspected him of being guilty of one crime, whereas, in truth, they actually suspected him of an entirely different type of crime.

An hour or so before appellant was arrested, Officer Lavold, one of the arresting officers, had interviewed two persons whom he had arrested for burglary. These persons admitted that a number of men's suits found in their possession had been stolen, and stated that a Mr. Okamoto, who was a bartender at a certain bar, "handled" the property for them. They further stated that they had just sold six suits to the operator of the bar previously referred to, and that he probably still had them. On the basis of this information, Officer Lavold and two other officers went to the location of said bar and, finding appellant there, identified themselves as police officers. They then told appellant that they understood he was "running girls out of the house upstairs." Appellant replied: "come up and I'll show you that my wife and I share the premises upstairs, and we don't let any girls up there at all."

After walking up the stairway to the second floor, the officers asked appellant if he had any suits on the premises and he replied that he had. Appellant and the officers entered the back door of the apartment, appellant using his own key to gain entry. The officers immediately observed several suits, the sleeves of which bore store labels indicating that they were

new suits. When asked how he came into possession of these articles, he answered that he had bought them from a colored fellow; that he realized that they were stolen property and that he had been making a few dollars handling them and selling the property to his friends. Appellant was placed under arrest following this statement. He was then asked if he had any other property which he had purchased in the same manner. He answered that he had purchased some other things which had been offered him across the bar, mentioning a tape recorder, an air conditioner, a radio and "different things like that." He further stated that the officers were welcome to look around and see. The officers then proceeded to search the premises, finding some 10 items, including those which appellant had mentioned. In addition, Officer Lavold found in a small cabinet in the front room a brown paper bag containing a substance later identified as marijuana. When asked what the contents of the bag were, appellant answered that it was marijuana, but that he kept it only for his own use and didn't peddle it.

There is no merit whatsoever to appellant's contention that the contraband was discovered in the course of an illegal search. It is manifest from our recital of the facts that the search was conducted pursuant to appellant's twice-given consent. His argument that his consent was of no effect because the officers did not in fact suspect him of "running girls" is without support either in logic or in law.

[ ■■ ] It has been established as a general rule that where a defendant freely and voluntarily consents to a search of premises under his control, any search made pursuant thereto should be regarded as lawful and reasonable. (*People* v. *Michael*, 45 Cal.2d 751, 753 [290 P.2d 852]; *People* v. *Gorg*, 45 Cal.2d 776, 782 [291 P.2d 469]; *People* v. *Melody*, 164 Cal.App.2d 728, 734 [331 P.2d 72].) ■■ The record shows that when appellant was asked whether he minded the officers' looking into his apartment he replied: "No, you are welcome to search. Come with me right now, and I will show you." Furthermore, it appears that appellant very soon became aware of the fact that the officers suspected him of possessing stolen property, for, after walking up the stairway, the officers asked him whether he had any suits on the premises. He answered in the affirmative. Finally, when the officers observed the stolen property and inquired whether he had any other property acquired in the same manner, appellant answered affirmatively and *repeated* his consent to a further

search by stating "You are welcome to look around and see."

Therefore, regardless of the validity of the initial consent to the officers' entry into the apartment this clearly voluntary and reiterated consent to a search for stolen property justified the further search and the resulting seizure of the marijuana which the officers found in the filing cabinet. (*People* v. *Melody,* 164 Cal.App.2d 728, 734 [331 P.2d 72]; *People* v. *Burke,* 47 Cal.2d 45, 49 [301 P.2d 241].) ▮ When engaged in the course of conducting a reasonable search for a purpose which has been disclosed to the person in control of the premises, and where the person in control of the premises has freely given his consent to the search, the officer making the search is not required to blind himself to that which he uncovers merely because it is disconnected with the disclosed purpose of the search. (*People* v. *Roberts,* 47 Cal.2d 374, 379 [303 P.2d 721]; *People* v. *Littlejohn,* 148 Cal.App.2d 786, 792 [307 P.2d 425]; see also 169 A.L.R. 1419.)

In *People* v. *Collier,* 169 Cal.App.2d 19, 22 [336 P.2d 582], it was held that where consent was given to a search for loot from a robbery, marijuana discovered in the course of the search was properly admitted in evidence. The court there stated: "Even though the search of the apartment was authorized for one purpose, the taking of contraband found in that search would not be a violation of defendant's constitutional rights. The evidence was admissible against defendant in this action. (*People* v. *Wright,* 153 Cal.App.2d 35, 40 [313 P.2d 868]; *People* v. *Roberts,* 47 Cal.2d 374 [303 P.2d 721]; *People* v. *Lujan,* 141 Cal.App.2d 143, 147 [296 P.2d 93].)"

Affirmed.

Fox, P. J., and Ashburn, J., concurred.