[Crim. No. 1280.   Fourth Dist.   June 21, 1960.]

THE PEOPLE, Respondent, v. CLINETH EDWARD LANGLEY, Appellant.

Chris E. Rockas, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

GRIFFIN, P. J.—Defendant-appellant was convicted of having marijuana in his possession, in violation of Health and Safety Code, section 11530, and admitted a prior felony conviction of burglary, second degree. His codefendant, Charles Shaffer, entered a plea of guilty to the charge. Probation was denied and defendant was committed to the custody of the sheriff for one year.

The principal questions on this appeal are whether the evidence is sufficient to sustain the conviction and whether the search and seizure of an automobile for narcotics was based upon reasonable and probable cause.

About 1 a.m. on September 14, 1959, two police officers on patrol observed a car parked on the north side of Neilson Avenue, about 150 feet east of West Avenue, just outside the city limits of Fresno, in an uninhabited territory. The night was dark, clear and warm, but the windows of the car were rolled up. The officers turned their spotlight on the parked car. They saw four occupants in it. Defendant Langley was the driver; one Garrison was sitting in the right rear seat; one Hayes was in the front seat with defendant Langley; and one Shaffer was seated behind defendant. When the police approached, defendant Langley rolled down his window and the officer smelled an odor similar to that of burning alfalfa but which was not alfalfa. Several years previously, and while the officer was working as a policeman in Sacramento, he had smelled a similar odor and it was determined at that time to be marijuana. The officers interrogated defendant as to what the men were doing, and were informed they were telling dirty jokes. Two of the occupants of the car, Garrison and Hayes, were recognized by the officers from prior prison records. The police ordered the men out of the car and one officer searched them for weapons and the other searched the car. The officer searching the car pulled out a brown paper sack from underneath the front seat of the car. This sack was found to contain a small, round honey jar with a yellow lid, some wheatstraw cigarette papers, rubber bands, a spoon and some safety pins. The occupants were taken to jail. The contents of the sack were turned over to other officers and ultimately examined by an expert chemist who found the jar to contain eight and one-half grains of marijuana.

At the jail, defendant had a conversation with a detective on the narcotics detail who had over five years' experience and he observed the facial characteristics of defendant and found defendant was in a kind of melancholy attitude; that he seemed to be staring off into space; his eyes were in a fixed state and he was under the influence of marijuana at the time.

Codefendant Shaffer testified that on the morning in question defendant Langley was smoking marijuana in the car.

Defendant Langley, who took the stand in his own defense, denied that he was smoking marijuana on the evening in question or that he had knowledge of any marijuana being in

the car until the officers approached it. He testified that at that time Garrison stated, "This is probably the heat," meaning the "cops"; that Garrison then stated, "I have got this stuff" and Langley answered, "What stuff?" and Garrison replied, "Marijuana," whereupon Langley stated, "Throw it out of the car"; that Garrison said he couldn't and put it under the seat. He further stated that one officer asked him, "What are you doing, having a tea party?" and he replied, "What do you mean?" and the officer changed the subject and ordered them out of the car. When the officer searched the car and found the marijuana, defendant admitted that he owned the car; that he had recently purchased it, but denied knowledge of the marijuana. Defendant also denied that the officer had examined him at the jail; denied that the windows were closed in the car when the arresting officers arrived, and claimed there was no odor in the car. He stated that the testimony of Shaffer, his codefendant, was untrue, but admitted that he, defendant, had previously been convicted of a felony, to wit, burglary. It was defendant's further testimony that on the night in question he had received a telephone call from Hayes asking him to meet him; that he drove down and picked up Hayes and they then "dragged the main," which meant riding up and down the main street of Fresno; that they later met Garrison and Shaffer and went to a drive-in where defendant had some coffee and obtained the spoon which the officer found; and that they drove to the west side where they were apprehended. Defendant Langley admitted that none of the members of the group lived in the direction where they were parked, and he further admitted knowing Hayes and Garrison at the road camp but stated that that evening was the first time he had met Shaffer.

Defendant argues on this appeal that there was not sufficient evidence of knowledge of possession on his part and that the testimony of the codefendant Shaffer should be disregarded because of gross contradictions in his testimony. Citing such authority as *People* v. *Kross*, 112 Cal.App.2d 602 [247 P.2d 44], and *People* v. *Nunn*, 65 Cal.App.2d 188 [150 P.2d 476].

Knowledge of defendant's possession was sufficiently shown, not only by the testimony of the codefendant but by evidence of odor emanating from the car, the joint possession and use of the marijuana and defendant's actions and conduct in parking in this isolated place under the circumstances related. (*People* v. *Kuykendall*, 170 Cal.App.2d 250 [338

P.2d 574]; *People* v. *Collier,* 169 Cal.App.2d 19 [336 P.2d 582].) The authorities relied upon by defendant are factually distinguishable and are not inconsistent with the conclusions here reached.

The testimony as to the officers' previous knowledge of defendant's conduct and actions in parking his car at the place indicated under the circumstances related, and the odor of marijuana emanating from the car, were a sufficient showing of reasonable cause to make the arrest and conduct a search incident thereto. In *People* v. *Bock Leung Chew,* 142 Cal.App.2d 400, 402 [298 P.2d 118], the officers walked by the door of an apartment and it smelled like opium. They were admitted to the apartment by the wife of the defendant, who spoke no English and understood none. Upon searching, they found yen shee in a coffee can. In holding that the officers had reasonable and probable cause for the search, the court stated:

"Since the possession of opium is a felony officers who detect the odor of opium are entitled to believe that the felony of possessing opium is being committed in their presence. We can see no logical distinction in this respect between something apparent to the sense of smell, and the same thing apparent to the sense of sight or to the sense of hearing."

See also *People* v. *Clifton,* 169 Cal.App.2d 617 [337 P.2d 871]; *People* v. *Martin,* 46 Cal.2d 106 [293 P.2d 52]; *People* v. *Gorg,* 45 Cal.2d 776 [291 P.2d 469]; *People* v. *Cahill,* 163 Cal.App.2d 15 [328 P.2d 995]. The authorities relied upon by defendant, such as *People* v. *Yet Ning Yee,* 145 Cal.App. 2d 513 [302 P.2d 616]; *People* v. *Brown,* 45 Cal.2d 640 [290 P.2d 528]; and *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513], are factually distinguishable.

A mere recitation of the facts shows the sufficiency of the evidence to sustain the verdict.

Judgment affirmed.

Shepard, J., and Coughlin, J., concurred.