[Crim. No. 11751.   Second Dist., Div. Four.   May 29, 1967.]

THE  PEOPLE,  Plaintiff  and  Respondent,  v.  PEDRO PABLO BARCENAS, Defendant and Appellant.

Pedro Pablo Barcenas, in pro. per., and Alan E. Wellman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, and Charlton G. Holland, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—The single contention urged by defendant in this appeal, following his conviction by the court of possession of marijuana for sale (Health & Saf. Code, § 11530.5), is that the evidence which convicted him was secured through an illegal search and seizure. We conclude his position lacks merit.

On April 19, 1965, defendant walked up to the ticket counter for Trans World Airlines at Los Angeles International Airport. Mr. Look, a ticket agent, was working behind the counter at the time. Mr. Look had been informed by Los Angeles Police Officer Butler, of the Intelligence Division at the airport, to be on the lookout for Cuban aliens smuggling marijuana; they were traveling through Los Angeles en route to New York City; they carried new leather suitcases which would be overweight.

Defendant appeared to Mr. Look to be Latin-American. He purchased a ticket on a flight to New York City. Mr. Look checked and weighed defendant's three suitcases. They appeared to be new leather suitcases and were overweight. After paying for his ticket and for the overweight charge, defendant was directed to Gate 35 where he would board his flight. He walked to the waiting area near Gate 35 and sat down.

When Mr. Look had attached the claim stubs to defendant's suitcases, he had placed them on a conveyor to the outbound luggage room, where baggage is collected according to flight number and placed on carts for loading. Immediately after defendant left the counter, Mr. Look called Officer Butler, told him what he had observed and arranged to meet him at the baggage room. There, Mr. Look pointed out the three suitcases to the officer. The officer bent over and smelled

the suitcases. He detected a strong odor of marijuana coming from within the suitcases. He had had occasion to smell marijuana "two hundred or more times" during his 17 years on the force. In the last two years he had been at the airport, he had not been wrong in 11 separate instances of smelling marijuana in suitcases. Upon this discovery, they took the suitcases into an office and walked to Gate 35. Mr. Look pointed out defendant and the officer arrested him.

Defendant and the suitcases were taken to the airport police substation. Three keys were removed from defendant's person and used to open the suitcases. Inside was a large quantity of marijuana in brick form (enough to make about 218,000 cigarettes and with a retail value in excess of $100,000). The bricks were hot from internal combustion thus accounting for the particularly strong odor.

Ample evidence was presented to support the finding of the trial court that when the officer smelled the marijuana in the suitcases he had reasonable cause to arrest the person to whom the luggage belonged. (*People* v. *Clifton,* 169 Cal.App.2d 617, 619 [337 P.2d 871]; *People* v. *Bock Leung Chew,* 142 Cal. App.2d 400, 402-403 [298 P.2d 118].) The officer's expertise in detecting, through his sense of smell, the presence of marijuana inside suitcases, was clearly established. At this point no search had yet taken place.

Defendant cannot seriously question the propriety of the officer's entry into the baggage room, which was at the request of an employee of the airport (Mr. Look), who obviously had authority to consent to such entry, and who accompanied him inside and pointed out the suitcases.

Defendant argues that, assuming the officer had reasonable cause to arrest the person who brought the luggage to the airport, he was not justified in relying on Mr. Look, an untested informant, to supply the information as to this person's identity. The question presented is whether the officer's reliance on the information was reasonable. The answer must be in the affirmative. While there is no evidence that Mr. Look had provided the officer with information in the past, the evidence does show that the officer knew Mr. Look and knew that he was employed at the airlines ticket counter; he had previously asked Mr. Look to be on the lookout for marijuana smugglers thus demonstrating his confidence in him.

As indicated, the officer had reasonable cause to believe the owner of the suitcases was committing a crime. It was his

duty to find and arrest him before he left the jurisdiction. The suitcases were in the outbound luggage room, meaning that the departure of the person he was looking for was imminent. Mr. Look, a baggage checker, was the obvious person to whom the officer would turn to supply the needed information. He was not the "usual informer" in narcotics cases—whose motives and reliability are open to question—but a disinterested observer, a conscientious citizen, on whom the officer could and should confidently rely. (See *People* v. *Lewis,* 240 Cal.App.2d 546 [49 Cal.Rptr. 579], and cases cited therein.)

The search of the suitcases thereafter conducted and the seizure of the contraband was justified as a reasonable incident to defendant's lawful arrest.

■ Although not raised, another point requires brief discussion. Evidence was introduced that, about two hours after he was arrested, defendant gave a statement to Sergeant Ortiz at the Police Administration Building. Before defendant said anything, he was first warned by the officer of his rights to counsel and to remain silent. He then freely and voluntarily told the officer that he knew the suitcases contained marijuana; he had been paid $200 to fly the suitcases to New York City by a man who had just driven him up from Miami; upon delivery of the suitcases in New York, he was to receive an additional $200. In his testimony, in addition to denying any knowledge of the suitcases, defendant denied having made this statement. The court chose not to believe him.

The evidence sufficiently establishes that defendant made the statement, that he did so freely and after being advised of his rights to silence and counsel in compliance with the mandate of *Escobedo* v. *Illinois,* 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758] and *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]. Since this case was tried in 1965, prior to *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], that decision has no application. (*People* v. *Rollins,* 65 Cal.2d 681 [56 Cal.Rptr. 293, 423 P.2d 221].)

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied June 12, 1967, and appellant's petition for a hearing by the Supreme Court was denied July 26, 1967.