[Crim. No. 13282.   Second Dist., Div. Four.   May 27, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. PATRICK JOSEPH GUIDRY, Defendant and Appellant.

R. J. Habeck, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Raymond M. Momboisse and Stephen Cooper, Deputy Attorneys General, for Plaintiff and Respondent.

KINGSLEY, J. — Defendant and codefendant, Samuel Wooten, were accused of possession of heroin in violation of Health and Safety Code section 11500. Defendant Guidry pled not guilty. Both defendants waived jury trial; both were found guilty; defendant Guidry's prior convictions were found not true; a probation report was ordered; motion for new trial was made and denied. Criminal proceedings were adjourned and a petition was filed under Penal Code section 6451 in order that an examination and a hearing could be had on the question of addiction. Probation was denied and defendant was sentenced to state prison for the term prescribed by law. Notice of appeal was filed.

Mrs. Marshall was the manager of a hotel in Huntington Park where defendant and his codefendant rented a room. Part of her function as manager was to furnish linens, room service and clean the rooms. Mrs. Marshall called the police some time prior to March 14, 1964, stating that she had observed a blackened spoon, a needle and a syringe in room 34, the room rented by the defendants. Officer Miller called Mrs. Marshall on March 14th to inquire about the information she had given. Mrs. Marshall repeated the information. She also said that there were needle marks on defendant's arm and that both men acted abnormally as though they were drinking wine or "taking something."

Deputy Miller ran a record check on Wooten and found that he had five previous arrests. Another officer said, "That's Sam Wooten; I know him before and he is a user. It is probably a good lead."

At 6:40 p.m., Deputy Miller and four officers went with Mrs. Marshall to room 34 where the two men were. On the way up Mrs. Marshall said their rent was one week overdue. Mrs. Marshall knocked. A voice asked who it was. Mrs. Marshall identified herself and the voice asked what she wanted. The officer then identified himself and said, "Open up." Quick footsteps were heard from within the room and there was the sound of rustling paper and possibly the movement of a blind or shade. Someone attempted to close the door and the

officers forced their way in. Defendant was lying on a bed. Upon inquiry defendant said he had no narcotics on his person. Miller asked if he could search, defendant said go ahead, and then defendant picked up a small paper package and put it in his mouth. A scuffle ensued and defendant went to the floor and spit out the package. The officers searched and found a balloon, cotton in white paper, a piece of cotton with a white residue, pieces of a red rubber balloon and a blackened pink balloon. These items contained heroin and morphine. Directly under the window outside room 34 was a bag with balloons (some containing morphine or a derivative), burned spoons, eyedroppers, a plastic needle holder, a needle, a small piece of tape in a spiral and small pieces of cotton. The room directly below room 34 had its window shut, its screen in place and the dust was undisturbed. A screen of about the size of the window in room 34 was found on the ground near the brown bag and the screen on the window of room 34 was missing. Dextro maltose was also found in the room, and the arms of defendant and Wooten bore recent wounds caused by narcotic injections.

Defendant contends that the search and seizure were unlawful in that the informant's reliability was not established, her statements were uncorroborated, there was no furtive conduct, and no consent to the search.

We find that the arrest was supported by probable cause and the search was incident thereto. A search of the premises where an arrest is made at the time of the arrest is lawful as incidental to the arrest. (See *People* v. *Sandoval* (1966) 65 Cal.2d 303 [54 Cal.Rptr. 123, 419 P.2d 187].)

There is probable cause for an officer to arrest if the information that was acted upon would cause a reasonably prudent man to believe and conscientiously entertain an honest and strong suspicion that the accused is guilty. (*People* v. *Ingle* (1960) 53 Cal.2d 407, 412-413 [2 Cal.Rptr. 14, 348 P.2d 577] ; *People* v. *Chacon* (1963) 223 Cal.App.2d 739, 742 [35 Cal.Rptr. 799].)

In the case at bench the evidence consists mainly of information supplied by Mrs. Marshall. Information from a known informer of unproved reliability is relevant on the issue of probable cause but it is ordinarily not enough. (*People* v. *Talley* (1967) 65 Cal.2d 830 [56 Cal.Rptr. 492, 423 P.2d 564].) However, the situation in which a private citizen informs the police of criminal activities is different from information given by a mere informer. This court recently

held in *People* v. *Lewis* (1966) 240 Cal.App.2d 546 [49 Cal. Rptr. 579], that police officers may act on the observations of private citizens who report crimes committed in their presence. ██ Such a citizen who observes criminal activity is more than a mere informer and tests of reliability that must be applied to experienced stool pigeons do not necessarily apply to every private citizen who aids the police. (See also *People* v. *Barcenas* (1967) 251 Cal.App.2d 405 [59 Cal.Rptr. 419].)

██ Although the possession of narcotics was not committed directly in front of Mrs. Marshall, the type of relevant information which she had observed was so complete and so unambiguous that the officers were justified in relying on that information.

Furthermore, even if Mrs. Marshall's status was not sufficient to justify an arrest, it clearly was such as to authorize the further police investigation. ██ Corroboration of an informer not proven reliable may be supplied by furtive or suspicious conduct observed by police. (*People* v. *Talley, supra* (1967) 65 Cal.2d 830, 836.) The quick movement of footsteps within the apartment and the sound of a blind or shade going up supplied the suspicious conduct as corroboration. The entry and arrest that followed were lawful.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied June 11, 1968, and appellant's petition for a hearing by the Supreme Court was denied July 31, 1968.