[Crim. No. 14945.    Second Dist., Div. One.    Dec. 3, 1968.]

THE PEOPLE Plaintiff and Respondent, v. SARAH IRENE GANN, Defendant and Appellant.

H. Clay Jacke for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Frederick R. Millar, Jr., Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of possessing marijuana.

In an information filed in Los Angeles on May 25, 1967, Sarah Irene Gann with codefendants Andre Charles Swader and Georgann Buerger was charged with possessing mari-

juana on February 7, 1967. Each defendant pleaded not guilty. A jury trial was waived and it was stipulated that the matter be submitted upon the transcript of the proceedings had at the preliminary hearing, each side to be permitted to introduce additional testimony if so minded. Swader and Buerger testified in their own behalf. Each defendant was found guilty as charged. Gann was sentenced to the state prison and she has appealed.

Officers of the Pasadena Police Department and agents of the State Narcotic Bureau had received information that at the apartment of appellant there were large quantities of marijuana, LSD, and amphetamine sulfate pills. Agents and policemen went to Gann's apartment at about 1 a.m., February 7, 1967, for the purpose of attempting to make a purchase of some narcotics from her. Upon arrival at the apartment one of the men knocked on the front door and appellant opened the door. At that time the officers smelled a strong odor of burning marijuana emitted through the open door. The door was closed very quickly and immediately the officers heard the sound of running feet. At that point one of the agents kicked the door open and the officers entered and went to a bedroom where they saw appellant and her two codefendants and one other person. Swader upon seeing the officers hurriedly placed a partly consumed marijuana cigarette under the bed. The cigarette was recovered at once and was still hot to the touch. After retrieving the partly consumed cigarette, the officers placed all four people in the apartment under arrest. Each defendant and all of them were advised of their constitutional rights. A search was then conducted. In Swader's coat was found a secreted plastic bag containing marijuana. Buerger's coat was similarly found to contain a plastic bag of marijuana. Two other partially smoked marijuana cigarettes were found in an ash tray in the living room, another marijuana cigarette was found in the bathroom and two more were located in the bedroom. Appellant did not testify nor did she offer any defense.

There was probable cause for the officers to enter appellant's apartment under the circumstances. The officers had a perfect right to knock on the door of the apartment. (See *People* v. *Russell,* 196 Cal.App.2d 58, 63-64 [16 Cal.Rptr. 228].) Appellant opened the door, not under any unlawful assertion of authority and then by her actions permitted the marijuana smoke to escape and pervade the hallway and entrance to the apartment. When the officers smelled the burn-

ing marijuana, as skilled, experienced and trained narcotics officers, they had probable cause to arrest appellant. (See *People* v. *Barcenas,* 251 Cal.App.2d 405, 407 [59 Cal.Rptr. 419] ; *People* v. *Layne,* 235 Cal.App.2d 188, 193 [45 Cal.Rptr. 110] ; *People* v. *Langley,* 182 Cal.App.2d 89, 92 [5 Cal.Rptr. 826] ; *People* v. *Tisby,* 180 Cal.App.2d 574 [5 Cal.Rptr. 614] ; *People* v. *Clifton,* 169 Cal.App.2d 617, 619 [337 P.2d 871].) The sudden closing of the door and the running feet constituted furtive conduct and only added to what the officers then knew. (See *People* v. *Ruiz,* 196 Cal.App.2d 695, 699-700 [16 Cal.Rptr. 855] ; *People* v. *Lawton,* 186 Cal.App.2d 834, 835-836 [9 Cal.Rptr. 122] ; *People* v. *Merino,* 151 Cal.App.2d 594, 597-598 [312 P.2d 48].) Under these circumstances the officers were not required to comply strictly with the provisions of section 844 of the Penal Code. Further, there was no objection at the time of trial and the contention cannot be raised for the first time on appeal. (See *People* v. *Flores,* 68 Cal.2d 563, 567-568 [68 Cal.Rptr. 161, 440 P.2d 233] ; *People* v. *DeLeon,* 260 Cal.App.2d 143, 149-150 [67 Cal.Rptr. 45].)

Mr. Al Mathews represented appellant at the preliminary hearing and at the trial. Present counsel Mr. H. Clay Jacke was present in court representing appellant at the time of her motion for a new trial, the hearing on the application for probation and sentencing. Mr. Jacke stated, ''As you probably have seen in the report, the defendant by reason of the contact with her Probation Officer has freely admitted to the use of narcotics, that is, not heroin but marijuana, and on one occasion about three years ago, if my memory serves me correct from its reading, using LSD.'' Counsel also brought out that there were four other pending cases against appellant, that appellant was ''not stupid'' that ''She has a high level brain capacity . . . ,'' that she was a three year college level woman, that the pending cases were very distressing to appellant and should be dismissed in the ''interest of justice,'' that she was ''not trying to escape anything.''

Mr. Jacke now asserts in the brief for appellant that her trial counsel Mr. Al Mathews was guilty of ''inexcusable ignorance of the law.'' We find nothing in the record in this case which in the slightest warrants such a statement. Furthermore we think it improper and not in keeping with the standards of the profession to engage in such utterances.

Nowhere in the record does it appear that during the trial or otherwise up to the time of the making of the motion for a new trial did appellant make any objections or complain

about any alleged inadequate representation. The failure timely to object ordinarily precludes the issue's being raised on appeal. (See *People* v. *Johnson,* 241 Cal.App.2d 423, 437-438 [50 Cal.Rptr. 598] ; *People* v. *Lugo,* 220 Cal.App.2d 54, 59 [33 Cal.Rptr. 572] ; *People* v. *Monk,* 56 Cal.2d 288, 299 [14 Cal.Rptr. 633, 363 P.2d 865].) It is noted that Mr. Jacke in making the motion for a new trial did not raise the issue or make any suggestions that his then client had been inadequately represented. The fact is that appellant was engaged at the least in possessing marijuana in her apartment. She brought about her situation and no attorney could be expected to extricate her by magic from that situation. She was from a reading of the record amply and ably represented in the trial.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.