[Civ. No. 33852.  Second Dist., Div. Five.  May 1, 1969.]

HENRY POLLOCK, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

Sherman Doctrow for Petitioner.

No appearance for Respondent.

Evelle J. Younger, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Real Party in Interest.

ALARCON, J. pro tem.*—The petitioner, Henry Pollock, made a motion in the trial court to suppress the evidence seized from him after his arrest. After a special hearing

---

*Assigned by the Chairman of the Judicial Council.

pursuant to Penal Code, section 1538.5, subdivision (i) the motion was denied. The evidence considered by the trial court was that which was contained in the reporter's transcript of the preliminary hearing in this matter. The petitioner seeks relief from this court to restrain any further proceedings in the trial court on the pending criminal prosecution. His petition was filed pursuant to Penal Code, section 999a and Penal Code, section 1538.5, subdivision (i). On January 2, 1969, this court denied the petition for a peremptory writ of prohibition based on Penal Code, section 999a. On the same date this court issued an alternative writ requiring the respondent superior court to either annul its order denying the petitioner's motion to suppress and to enter a new order granting the motion, or to show cause why a peremptory writ should not issue ordering the trial court to grant the motion to suppress.

## THE PETITIONER'S CONTENTION

The petitioner contends that the evidence taken from him was the product of an unreasonable search and seizure in that he was arrested and searched without a warrant based on information from two juveniles whose reliability was previously untested.

## FACTS

On August 27, 1968, David W. and Paul D. were arrested as burglary suspects. They were interviewed by Los Angeles Police Officer Daniel T. Lemmon in each other's presence. They made a joint confession of their participation in the burglary of the house of Harry L. Vickers and the theft of a gold-plated Kennedy half dollar and other personal property. In response to a question concerning the disposition of the proceeds of the burglary, the two suspects stated that they had sold the stolen goods, including the gold-plated Kennedy half dollar to a man named Henry Pollock or Henry Pollack at a liquor store after telling him "this stuff is hot." While still in custody, David W. and Paul D. pointed out the liquor store where the sale of stolen property allegedly occurred.

The petitioner was placed under arrest at the liquor store immediately after the juveniles informed on him and showed the police where he could be located. A search of the premises was conducted with the consent of the petitioner, but no stolen property was discovered. At the police station, during the booking process, the petitioner was asked to empty his pockets. The gold-plated Kennedy half dollar taken in the

burglary was removed from the petitioner's right front pocket.

The testimony at the preliminary hearing disclosed that David W. and Paul D. were juveniles.

David W. testified at the preliminary hearing. He made a judicial confession of the burglary. He also testified that he sold the gold-plated Kennedy half dollar to the petitioner after telling him it was stolen property. David W. also testified that he was told no juvenile proceedings would be filed against him after he told the police about the petitioner's connection with the stolen goods.

## DISCUSSION

This case presents the following problems which must be analyzed to resolve the issues raised by the petitioner:

1. In making an arrest without a warrant, can the police reasonably rely on the report of a *juvenile* informer whose reliability has not been tested?

2. In making an arrest, is it reasonable for the police to rely on the report of two untested juvenile informers who give their information in each other's presence?

### RELIANCE ON THE REPORT OF A JUVENILE

Reasonable cause for an arrest may be based on hearsay information. (*People* v. *Smith,* 50 Cal.2d 149, 151 [323 P.2d 435].) However, in order to support a finding that reasonable cause for an arrest existed based on the report of an informer, evidence must be presented to the court that reliance on the information was reasonable (*Willson* v. *Superior Court,* 46 Cal.2d 291, 294-295 [294 P.2d 36]; *People* v. *Reeves,* 61 Cal.2d 268, 273-274 [38 Cal.Rptr. 1, 391 P.2d 393]) based on all the information known to the police officer at the time of the warrantless arrest. (*People* v. *Lara,* 67 Cal.2d 365, 373-374 [62 Cal.Rptr. 586, 432 P.2d 202]; *People* v. *Talley,* 65 Cal.2d 830, 835 [56 Cal.Rptr. 492, 423 P.2d 564]; *People* v. *Privett,* 55 Cal.2d 698, 701 [12 Cal.Rptr. 874, 361 P.2d 602]; *People* v. *Murphy,* 173 Cal.App.2d 367, 377 [343 P.2d 273].)

Evidence that reliance on a report from an informer was reasonable may be established by proof of past experience with the person giving the information or by the receipt of similar information from other sources, or by the personal observation of the police. (*Willson* v. *Superior Court,* 46

Cal.2d 291 [294 P.2d 36] ; *People* v. *Reeves,* 61 Cal.2d 268, 274 [38 Cal.Rptr. 1, 391 P.2d 393].)

Thus, while information from one reliable informer is sufficient to establish probable cause for an arrest, (*People* v. *Prewitt,* 52 Cal.2d 330, 337 [341 P.2d 1]) no evidence was presented to the trial judge of any prior police contact with either of the juvenile informants in this matter. Nor was there any proof of any independent observation by the police which corroborated the report of the two juveniles.

The report of an informer whose reliability has not been proven has been held to be sufficient to establish reasonable cause for an arrest without independent corroboration where the informer is not himself involved in criminal activity but is the innocent victim of a crime or a nonparticipating eyewitness who has come forward to assist law enforcement. (See *People* v. *Lewis,* 240 Cal.App.2d 546, 549-551 [49 Cal.Rptr. 579] ; *People* v. *Griffin,* 250 Cal.App.2d 545, 550-551 [58 Cal.Rptr. 707] ; *People* v. *Barcenas,* 251 Cal.App. 2d 405, 408 [59 Cal.Rptr. 419] ; *People* v. *Guidry,* 262 Cal. App.2d 495, 498 [68 Cal.Rptr. 794] ; *People* v. *Ross,* 265 Cal.App.2d 195, 202 [71 Cal.Rptr. 178].) These cases are based on the logical assumption that the victim of a crime or an uninvolved eyewitness can be considered to be motivated by good citizenship in reporting a crime to the police.

Here, each of the informers was himself involved in having committed the crime of burglary and each participated in selling the stolen goods to the alleged receiver. There is no evidence in the record that either would have made a report to the police but for his arrest. The only information known to the officers concerning the character of the juveniles was that they were sneak thieves. This insight was clearly not enough to inspire confidence in their good citizenship or trustworthiness. The report of a confessed thief who informs after he is in custody is not alone sufficient to constitute reasonable cause for an arrest. His weakness of character is apparent, his motives in implicating another person are at least questionable, and clearly indicate the necessity of further inquiry to avoid the unfair accusation of an innocent person.

The fact that the informer is a juvenile is not of itself sufficient to establish that reliance on his report is reasonable. For purely humanitarian reasons, the law has created certain protections for juveniles. A juvenile cannot be punished or prosecuted as an adult if he is under 16 years of age. If a person is between 16 and 18 years of age he cannot be prose-

cuted as a criminal unless he is found to be unfit for treatment as a ward of the juvenile court. (See Welf. & Inst. Code, §§ 603 and 707.) A minor can disaffirm a contract. (Civ. Code, § 35.) The law also considers a female under the age of 18 incapable of consenting to an act of voluntary intercourse. (Pen. Code, § 261, subd. 1.) Society grants such special consideration to juveniles because of their tender years, immaturity, lack of experience and sophistication, and their susceptibility to suggestion and temptation. The existence of these safeguards for the young does not in any way imply that juveniles are more trustworthy than adults. We can see no logical reason to give any special weight to the report made to the police by a juvenile over that of an adult. To hold otherwise, having in mind the existing case law, would require that we conclude that as a matter of law reliance on the report of a juvenile thief is reasonable without corroboration, while reliance on the uncorroborated report of an adult thief is unreasonable.

### CORROBORATION OF UNTESTED INFORMERS

The report of one informer whose reliability has not been previously established does not constitute reasonable cause for the arrest of another unless the police have obtained independent corroborating evidence. (*People* v. *Gallegos,* 62 Cal.2d 176, 179 [41 Cal.Rptr. 590, 397 P.2d 174]; *People* v. *Amos,* 181 Cal.App.2d 506, 509 [5 Cal.Rptr. 451]; *People* v. *Tovar,* 239 Cal.App.2d 644, 647-648 [49 Cal.Rptr. 79].) Such independent evidence must corroborate " '. . . the essential fact, as to whether [the defendant was] now violating the law.' " (*People* v. *Gallegos,* 62 Cal.2d 176, 179 [41 Cal.Rptr. 590, 397 P.2d 174].)

A declaration against interest which subjects the declarant to criminal liability is admissible at a trial, if the declarant is unavailable as a witness, as an exception to the hearsay rule (Evid. Code, § 1230) for the reason that "a person's interest against being criminally implicated gives reasonable assurance of the veracity of his statement made against that interest." (*People* v. *Spriggs,* 60 Cal.2d 868, 874 [36 Cal.Rptr. 841, 389 P.2d 377].) But, the Supreme Court has declined to extend the concept of trustworthiness of a declaration against interest to provide the corroboration required of the report of an untested informer. (See dissent in *People* v. *Gallegos,* 62 Cal. 2d 176, 184 [41 Cal.Rptr. 590, 397 P.2d 174]; see also *People* v. *Coleman,* 258 Cal.App.2d 560, 564 [65 Cal.Rptr. 739].)

Accordingly, the fact that each of the juveniles confessed to his own crimes in addition to implicating the petitioner is not legally sufficient evidence that reliance on their reports was reasonable.

We are not here concerned with the question of whether an informer of unproven reliability can be corroborated by another untested informer who furnishes similar information at a different time and place. (See dictum in *People* v. *Tahtinen,* 50 Cal.2d 127, 133-134 [323 P.2d 442]; see *People* v. *Gamboa,* 235 Cal.App.2d 444, 447-448 [45 Cal.Rptr. 393]; *People* v. *Burke,* 208 Cal.App.2d 149, 155-158 [24 Cal.Rptr. 912]; cf. *People* v. *Talley,* 65 Cal.2d 830, 836 [56 Cal.Rptr. 492, 423 P.2d 564].)

Here the police chose to question the juveniles at the same time and place. By so doing, the police eliminated the possibility of determining if there were any significant variations or discrepancies in the information reported by the two young thieves which a separate interrogation might have disclosed. We cannot now say if their separate reports would have been similar or dissimilar.

The police did nothing in their investigation of this case to verify any fact reported by the informers. There was no independent corroboration of the joint report of the two juvenile informers. No reason was presented to the trial court as to why the police did not seek an interview with the petitioner concerning the charge that he had received stolen property. (*People* v. *Torres,* 56 Cal.2d 864, 867 [17 Cal.Rptr. 495, 366 P.2d 823]; *People* v. *Michael,* 45 Cal.2d 751, 754 [290 P.2d 852].) The petitioner's conduct or response to such a request might have provided the necessary independent corroboration. No evidence was presented of any emergency which called for precipitous police action. The arrest took place at 1:50 p.m. on August 27, 1968, which was a week day. The petitioner was working at his place of business when arrested. There was no evidence that he was about to flee to escape punishment. The courts in Los Angeles were open for official business at that hour. No proof was presented to the trial court as to what reason, if any, existed which prevented the police from going to a magistrate to present their evidence so that an impartial judge could determine if there was sufficient evidence to justify subjecting the petitioner to arrest and a loss of his personal freedom.

■ We hold that reliance on the joint report of two untested juvenile informers, who are in custody, is unrea-

sonable where no independent investigation is made by the police to verify their accusation.

This opinion is not inconsistent with our previous denial of the petition under section 999a of the Penal Code. The search of the petitioner was conducted without any evaluation of the credibility of the thieves by an impartial judicial officer whereas the committing magistrate was required by law to pass on the credibility of the testifying thief at the preliminary hearing. The illegal arrest does not vitiate the prosecution. (*People* v. *Valenti,* 49 Cal.2d 199, 203 [316 P.2d 633]; cf. *People* v. *Lima,* 25 Cal.2d 573, 576 [154 P.2d 698].) The testimony of the thief, even if he was an accomplice which seems unlikely (*People* v. *Polsalski,* 181 Cal.App.2d 795, 797-798 [5 Cal.Rptr. 762]), did not have to be corroborated at the preliminary hearing stage. (*People* v. *McRae,* 31 Cal.2d 184, 187 [187 P.2d 741].)

It is ordered that the alternative writ be discharged and that a peremptory writ of mandamus issue[1] directing the trial court to vacate its order denying the motion to suppress and to enter a new order granting the motion.

Kaus, P. J., and Aiso, J., concurred.

A petition for a rehearing was denied May 22, 1969, and the petition of the real party in interest for a hearing by the Supreme Court was denied June 25, 1969. Mosk, J., was of the opinion that the petition should be granted.

---

[1]The petitioner has prayed for the issuance of a writ of prohibition. We have concluded that he has made out a case entitling him to a writ of mandamus. Accordingly, we have treated his petition as a request for mandamus. (*Powell* v. *Superior Court,* 48 Cal.2d 704, 705 [312 P.2d 698]; *Honore* v. *Superior Court,* 70 Cal.2d 162 [74 Cal.Rptr. 233, 449 P.2d 169].)