[Crim. No. 13388. In Bank. Aug. 20, 1969]

THE PEOPLE, Plaintiff and Respondent, v. LONDELL HOGAN, Defendant and Appellant.

David M. Rothman, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Mark I. Christiansen and Edward M. Belasco, Deputy Attorneys General, for Plaintiff and Respondent.

PETERS, J.—After a trial without a jury, defendant was found guilty of robbery in the first degree. The court also found that he was armed at the time of the commission of the offense. The court denied probation, sentenced him to imprisonment for the term prescribed by law, ordered a diagnostic study, and retained jurisdiction pursuant to sections 1168 and 5079 of the Penal Code. Defendant has appealed.

James H. Brown testified that after a dice game in which defendant, whom he had known for two years, won seven dollars from him, defendant went to his automobile, a 1964 Thunderbird, obtained a gun, forced Brown to take approximately $500 from his pocket and throw it on the ground, ordered Willie Cason who had picked up $400 to hand it to him, and then drove away with a friend, James Perry, Jr. Brown reported the robbery to the police. Cason, who was a

fellow employee of Brown, corroborated his testimony in mos significant respects.

Defendant testified that after the dice game Brown said h was going to kill him, that Brown went to his car and defend ant to his, that Brown came from behind his car with hi hand in his pocket, that, thinking Brown had a gun, he drew a pistol and told Brown to pull his hand out of his pocket that as Brown did so money fell out of his pocket, that he and Perry drove off, and that he did not ask for any money did not take any of it and did not know what happened to it Perry, who was a friend of defendant's for 25 years, corrob orated defendant's testimony in most significant respects except that he said that after the money fell to the ground and blew around, a "tall guy" came to the car and gave defendant some money.

Six days after the robbery defendant was arrested while driving the Thunderbird on the freeway. The arresting officer testified that four or five days earlier there was an all units broadcast of two described robbery suspects and a vehicle description of a 1964 Thunderbird, black over green, with a license number SSD 198. Upon spotting the car, he called police communications and was advised that the vehicle was stolen and to hold the occupants for robbery. As the officer approached the car, he noticed defendant had his hand in the center console of the car and that in his hand was a revolver. He told defendant to drop the gun, defendant did so, and the officer arrested him. The gun was introduced into evidence and identified as the one used in the robbery.

 A peace officer may arrest a person without a warrant whenever he has reasonable cause to believe that the person whom he has arrested has committed a felony. Reasonable or probable cause exists when the facts and circumstances within the knowledge of the officer at the moment of the arrest are sufficient to warrant a prudent man in believing that the defendant has committed an offense. (*People* v. *Talley,* 65 Cal.2d 830, 835-836 [56 Cal.Rptr. 492, 423 P.2d 564].)

 Although information provided by an untested informer or by an anonymous informer is not, without some showing justifying reliance, sufficient to justify an arrest (*People* v. *Talley, supra,* 65 Cal.2d 830, 835-836), information from a citizen who purports to be the victim of a robbery or an assault has been held sufficient even though his reliability has not been previously tested. (*People* v. *Gardner,* 252 Cal. App.2d 320, 324-325 [60 Cal.Rptr. 321]; *People* v. *Griffin,* 250

Cal.App.2d 545, 550-551 [58 Cal.Rptr. 707]; *People* v. *Wright*, 216 Cal.App.2d 866, 871 [31 Cal.Rptr. 432]; see *People* v. *Lewis*, 240 Cal.App.2d 546, 549-551 [49 Cal.Rptr. 579].) Such a person, who may expect to be called to testify after an arrest, and may be exposing himself to an action for malicious prosecution if he makes unfounded charges, is more than a mere informer who gives a tip to law enforcement officers that a person is engaged in a course of criminal conduct.

 Reliable information furnishing probable cause for an arrest does not lose its reliability when it is transmitted through official channels to arresting officers, and the latter may rely upon it when making an arrest. (*People* v. *Ross*, 67 Cal.2d 64, 70 [60 Cal.Rptr. 254, 429 P.2d 606] (reversed on other grounds 391 U.S. 470 [20 L.Ed.2d 750, 88 S.Ct. 1850]); *People* v. *Gardner*, *supra*, 252 Cal.App.2d 320, 325-326.) In the instant case Brown, who had known defendant for two years previously,[1] reported to the police after the crime, and although his information was not directly imparted to the arresting officer, this does not preclude the latter from relying upon it. The information received by the arresting officer specified the make and license number of the car and furnished an adequate basis for the arrest. Although the information received by the arresting officer turned out to be false in one particular, that is as to the car being stolen, this factor was unknown to the officer at the time of arrest and does not vitiate the arrest. The gun was seized incident to that arrest and was properly received in evidence.

Defendant next contends that the trial judge misinterpreted Penal Code section 1203 in denying probation. In doing so the court stated that defendant was ineligible for probation since he had been found guilty of first degree robbery. He then remarked: "I have no alternative at this point since I don't feel at this point it is an unusual case and I will not so find. I would need the concurrence of the District Attorney, but I am not even going to ask it at this point."

 Defendant argues that robbery comes only within the third unnumbered paragraph of section 1203, and that the fifth unnumbered paragraph of Penal Code section 1203 requires concurrence of the district attorney only as to those crimes set forth in the fourth unnumbered paragraph of the

---

[1]Brown did not testify as to the details of the information supplied to the officers, but in the circumstances it must be concluded that his information formed the basis of the information relayed to the arresting officer.

section, and not those listed in the third unnumbered para
graph.[2] This argument is undoubtedly correct in light of th
fifth unnumbered paragraph of the section which makes clea
that the consent of the district attorney is only require
where the case comes within the fourth such paragraph.

■ However, it does not follow that defendant is entitle
to relief. In his statements from the bench the trial judg
made clear that his refusal to further consider probation wa
based on his determination that the instant case was not a
unusual one. A finding that the case is unusual is required t
grant probation not only under the fourth paragraph but als
under the third, and robbery is one of the crimes enumerate
in the third. In other words, the trial judge's decision not t
grant probation was based on his decision that the case wa
not unusual and was not based on his erroneous view that th
concurrence of the district attorney was necessary to an orde
granting probation. Thus, it seems clear that the trial court'
error in assuming that the consent of the district attorney wa
necessary to an order granting probation was not harmful i
the instant case.

*In re Hernandez,* 64 Cal.2d 850, 852 [51 Cal.Rptr. 915, 41
P.2d 803], is distinguishable. There, the trial court had im
properly found that defendant had committed a prior offense
a finding which under the third paragraph of section 120
would require a finding that the case was unusual before th
court could grant probation. Since the finding of the prio
offense was set aside, we concluded that the case should b
sent back to the trial court to redetermine the issue of proba-
tion. The granting of probation on the rehearing would not re-
quire a finding that the case was unusual. In the instant case
the third paragraph of section 1203 is applicable, and proba-
tion may not be granted unless the case is unusual. That mat-
ter has already been decided adversely to defendant by the
trial court, and no valid purpose would be served by returning
the case to the trial court to redetermine the matter.

---

[2]The third unnumbered paragraph of section 1203 reads in part:
"... *except in unusual cases* ... no judge shall grant probation to any
person who shall have been convicted of robbery ... and who at the
time of the perpetration of said crime ... was himself armed with a
deadly weapon. ..." (Italics added.)

The fourth unnumbered paragraph recites numerous crimes other than
robbery for the commission of which no probation shall be granted, with
some exceptions.

The fifth unnumbered paragraph states: "In unusual cases, otherwise
subject to the preceding paragraph, in which the interests of justice
would best be served thereby, the judge may, with the concurrence of the
district attorney, grant probation."

The recitals in the judgment of conviction that defendant was armed with a deadly weapon should be modified to provide that at the time of the commission of the offense sections 3024 and 12022 of the Penal Code were inapplicable but defendant was armed within the meaning of section 1203 of the Penal Code. The judgment should also specify the nature of the weapon. (*People* v. *Floyd,* Crim. 13190, *ante,* p. 879 [80 Cal.Rptr. 22, 457 P.2d 862].)

The judgment is reversed, and the cause remanded for resentencing in accordance with the views expressed herein.

Traynor, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.