2 Cal.App.3d 142 (1969)
82 Cal. Rptr. 424
THE PEOPLE, Plaintiff and Appellant,
v.
MICHAEL ALAN BARRETT et al., Defendants and Respondents.
Docket No. 5355.
Court of Appeals of California, Third District.
November 26, 1969.
*145 COUNSEL
Thomas C. Lynch, Attorney General, and Charles P. Just, Deputy Attorney General, for Plaintiff and Appellant.
James H. Wolpman for Defendants and Respondents.
OPINION
FRIEDMAN, J.
On rehearing. In this case the three defendants moved successfully to set aside the information, claiming that at the preliminary examination the prosecution failed to establish probable cause for an arrest and search which revealed marijuana and hashish in the wheel well of their automobile, hence that the search violated the Fourth Amendment. The People appeal.
The information leading to defendants' arrest and the search of their car was supplied to Police Officer Ricketts by 16-year-old Ronald. At the preliminary examination Ronald testified that he was standing near a store when defendants drove up and asked if he wanted to buy "hash" or opium. One defendant took off the car's right rear hub cap and displayed a bag in the wheel well. Ronald indicated lack of interest and defendants drove away. Soon after Ronald approached Officer Ricketts as he sat in his patrol car and told him of the incident. Ricketts testified that he had known *146 Ronald "quite well" for about two and one-half months. Ricketts himself had noticed the three defendants and their brown Chevrolet earlier that day. After receiving the information from Ronald, Ricketts notified the sheriff's department and drove out on the highway toward another community in order to overtake defendants. Approximately half an hour later he saw defendants' car and stopped them. After the arrival of assisting officers and a mobile phone conversation with Ronald confirming their identity, Ricketts arrested them. Removal of the right rear hub cap revealed the contraband. Ricketts had no arrest or search warrant.
In cross-examining Ricketts at the preliminary examination, defense counsel asked Ricketts "how well" he knew Ronald and how long Ricketts had lived in the community. At that point the prosecutor objected. Although defendants' attorney told the magistrate that he was inquiring into Ronald's reliability as an informant, the magistrate sustained the objection. Subsequently the defense objected to introduction of the narcotics into evidence, asserting that the prosecution had failed to establish Ronald's reliability. The objection was overruled. The defense then called three of Ronald's contemporaries to the stand. Each gave testimony somewhat indicative of Ronald's lack of reliability. One testified that Ronald had tried to sell him mescaline.
(1) If illegally obtained evidence is the sole basis of an indictment or information, the defendant is held without reasonable or probable cause, and the superior court should grant his motion to set aside the accusation. (People v. Scoma (1969) 71 Cal.2d 332, 335 [78 Cal. Rptr. 491, 455 P.2d 419].) (2) The defense makes out a prima facie case of illegality by establishing that the arrest or search was made without a warrant; the burden then rests upon the prosecution to show justification. (People v. Edwards (1969) 71 Cal.2d 1096, 1099 [80 Cal. Rptr. 633, 458 P.2d 713]; Badillo v. Superior Court (1956) 46 Cal.2d 269, 272 [294 P.2d 23].) The justification for a warrantless search usually consists of a showing that the search was incidental to a lawful arrest. A special rule applies to searches of automobiles believed to contain contraband. (3) Whether or not an arrest is made, an officer may conduct a warrantless search of an automobile if he had probable cause to believe that it contains contraband and "where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." (Carroll v. United States (1925) 267 U.S. 132, 153 [69 L.Ed. 543, 551, 45 S.Ct. 280, 39 A.L.R. 790], quoted in Chimel v. California (1969) 395 U.S. 752, 764, fn. 9 [23 L.Ed.2d 685, 694, 89 S.Ct. *147 2034]; see Brinegar v. United States, 338 U.S. 160 [93 L.Ed. 1879, 69 S.Ct. 1302]; People v. Terry (1964) 61 Cal.2d 137, 152 [37 Cal. Rptr. 605, 390 P.2d 381].)
(4) Relative to warrantless arrests and searches, probable cause is said to exist when the circumstances within the officer's knowledge are sufficient to warrant a prudent man in believing that the defendant has committed an offense. (People v. Hogan (1969) 71 Cal.2d 888, 890 [80 Cal. Rptr. 28, 457 P.2d 868].) (5) There is no exact formula for the determination of probable cause; each case must be decided on its own facts and "total atmosphere." (People v. Ingle (1960) 53 Cal.2d 407, 412-413 [2 Cal. Rptr. 14, 348 P.2d 577].) Nevertheless, the facts must be viewed in the light of Fourth Amendment purposes. (Chimel v. California, supra, 395 U.S. at p. 765 [23 L.Ed.2d at p. 695].)
(6a) In this case defendants contend that Ronald's uncorroborated information did not supply Officer Ricketts with probable cause to stop and search their automobile. Defendants rely upon the principle that an informer's statement suffices to create probable cause only if the officer has some corroborating knowledge of the informant's or information's reliability. (People v. Lara (1967) 67 Cal.2d 365, 374-375 [62 Cal. Rptr. 586, 432 P.2d 202]; People v. Talley (1967) 65 Cal.2d 830, 835-836 [56 Cal. Rptr. 492, 423 P.2d 564].)
In examining Officer Ricketts, the prosecutor made no attempt to establish Ronald's reliability. Neither did he tinge Ronald's youthful past with the coloration of narcotics involvement. He simply portrayed Ronald as a neutral citizen who reported a law violation to the police. This prosectution tactic rested on the citizen-informer rule. (7) According to that rule, probable cause may spring from information supplied by one whose reliability is unknown but who observes criminal activity and, by notifying the police, acts openly in aid of law enforcement. (People v. Gardner (1967) 252 Cal. App.2d 320, 324-325 [60 Cal. Rptr. 321]; People v. Griffin (1967) 250 Cal. App.2d 545, 550-551 [58 Cal. Rptr. 707]; People v. Lewis (1966) 240 Cal. App.2d 546, 550-551 [49 Cal. Rptr. 579]; see also People v. Edwards, supra, 71 Cal.2d at p. 1106; People v. Hogan, supra, 71 Cal.2d at p. 890.) Where the rule applies, no corroboration of the informant's reliability is necessary. (People v. Sesser (1969) 269 Cal. App.2d 707, 710 [75 Cal. Rptr. 297].) (8) Nevertheless, its "rationale ... has no application ... where the informant was *148 apparently himself involved in narcotics traffic." (People v. Scoma, supra, 71 Cal.2d at p. 338, fn. 7.)
(6b) Although the defense presented witnesses who testified to Ronald's unreliability and even a degree of narcotics involvement, none of their testimony was brought within Officer Ricketts' sphere of awareness. (9) Probable cause must be tested by facts which, according to the record, were known to the officers. (People v. Talley, supra, 65 Cal.2d at p. 835.) (6c) Thus there was no evidence to strip Ronald of the citizen-informer guise created by the prosecution. (10) Whatever the nature of the prosecution's burden of showing justification for a warrantless search, whether a burden of persuasion or one of going forward with a prima facie case, the evidence before the magistrate satisfied the citizen-informer rule and permitted the conclusion that Officer Ricketts had probable cause for the search.
When defendants' motion to set aside the information laid this conclusion before the superior court, that court had no authority to substitute its judgment of evidentiary weight for the magistrate's. (Perry v. Superior Court (1962) 57 Cal.2d 276, 283 [19 Cal. Rptr. 1, 368 P.2d 529].) The only evidence bearing on the official frame of mind denominated "probable cause" had emanated from the prosecution. "[U]nder these circumstances the court in ruling on a motion to set aside the information will frequently not be in a position to make a final determination as to the admissibility of the evidence. (11) Accordingly, the information should not be set aside on the ground that essential evidence was illegally obtained if there is any substantial evidence or applicable presumption to support a contrary conclusion...." (Badillo v. Superior Court, supra, 46 Cal.2d at p. 272.)
(12a) Nevertheless, an alternative ground exists for questioning the validity of defendants' commitment. The magistrate, it will be remembered, had prevented the defense from cross-examining Officer Ricketts on the score of Ronald's reliability. At that point the magistrate erred, for the citizen-informer rule does not apply where the informant has been involved with narcotics. (People v. Scoma, supra, 71 Cal.2d at p. 338.) (13) Although erroneous evidentiary rulings of the magistrate do not usually impair validity of the preliminary examination, a refusal to permit cross-examination on a vital issue will invalidate the commitment. (Jennings v. Superior Court (1967) 66 Cal.2d 867, 879 [59 Cal. Rptr. 440, 428 P.2d 304].) (12b) How vital was Ronald's reliability and his innocence of narcotics involvement to the question of probable cause?
*149 In the context of the facts, the informer could generate probable cause for the pursuit and search even though assumed to be unreliable and associated in some degree with narcotics. Two special circumstances mark this case. The informer was not a police decoy, sent into a suspicious situation for the purpose of producing probable cause. (Cf. Priestly v. Superior Court (1958) 50 Cal.2d 812, 816-818 [330 P.2d 39].) However unreliable, Ronald did not seek out the suspects; rather, they accosted him on a public street. Secondly, the officer did not face a static situation; his was neither a warrantless search of a building nor a search of the suspect's person incidental to a warrantless arrest. (Cf. McCray v. Illinois (1967) 386 U.S. 300, 304 [18 L.Ed.2d 62, 66, 87 S.Ct. 1056]; Beck v. Ohio (1964) 379 U.S. 89, 96-97 [13 L.Ed.2d 142, 147-148, 85 S.Ct. 223]; People v. Prewitt (1959) 52 Cal.2d 330, 337 [341 P.2d 1].) The suspects were in an automobile, enroute to unavailability at the very moment the officer received the information. He had to act immediately or not at all. To seek corroboration or a search warrant would consume enough time to assure frustration and defeat. The circumstances evoke the special rule covering searches of automobiles believed to contain contraband, "where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality of the jurisdiction in which the warrant must be sought." (Carroll v. United States, supra, 267 U.S. at p. 153 [69 L.Ed. at p. 551].) That rule has its parallel in another, which holds that exigent circumstances may reasonably justify reliance on untested information. (People v. Sandoval (1966) 65 Cal.2d 303, 308-309 [54 Cal. Rptr. 123, 419 P.2d 187]; People v. Burke (1962) 208 Cal. App.2d 149, 156 [24 Cal. Rptr. 912].)
As we have observed, probable cause is that which warrants a prudent man in believing that a crime has been committed. (14) The probable cause concept is practical and nontechnical, providing an accommodation between the necessities of law enforcement and the protection of citizens against official caprice. (Beck v. Ohio, supra, 379 U.S. at p. 91 [13 L.Ed.2d at p. 145]; Brinegar v. United States, supra, 338 U.S. at p. 176 [93 L.Ed. at p. 1890].) (12c) Regardless that Ronald may have been known as an unreliable person or one associated in some degree with narcotics, the officer would have been derelict had he not acted on the untested information, pursued the departing vehicle and checked the wheel well for the narcotics described by his informant. "It is only by such alertness that crime is discovered, interrupted, prevented, and punished. We should not place additional burdens on law enforcement agencies." (Henry v. United States, 361 U.S. 98, 106 [4 L.Ed.2d 134, 141, 80 S.Ct. 168], separate opinion of Clark, J.)
Although the magistrate erred in preventing the defense from cross-examining *150 Officer Ricketts relative to the informant's reliability and association with narcotics, the inquiry was not vital to the question of probable cause for the search. Hence the error does not invalidate the commitment.
It does not necessarily follow that the seized narcotics will be admissible at defendants' trial. The record of the preliminary examination is thin and creates an impression of unexplored circumstances. Conceivably, the defendants may be able to produce additional evidence contributing to a "total atmosphere" not now present.
The order is reversed with a direction to deny the motion to set aside the information.
Pierce, P.J., and Janes, J., concurred.
Respondents' petition for a hearing by the Supreme Court was denied January 21, 1970. Peters, J., was of the opinion that the petition should be granted.