[Crim. No. 964. Fifth Dist. June 14, 1971.]

THE PEOPLE, Plaintiff and Respondent v.
CLARENCE ALLEN RIGSBY, Defendant and Appellant.

## COUNSEL

Gary H. Ruddell, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, Daniel J. Kremer and Gary Allon Larson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STONE, P. J.**—Appellant was convicted on his plea of guilty to violation of section 11910 of the Health and Safety Code (possession of a restricted dangerous drug, barbiturate). On this appeal, he seeks review of an order denying his motion to suppress evidence. (Pen. Code, § 1538.5, subd. (m).)

The motion to suppress was submitted on the transcript of a preliminary hearing. The facts brought out at the hearing were that Mrs. Johanna Shahan, a 15-year-old married woman, testified that she had been with appellant and another couple at 2:30 or 3 p.m. on November 15, at which time she had consumed some beer, and that upon her request defendant gave her four pills, two "Reds" and two benzadrine, which she took. She remembered cruising about the City of Visalia in defendant's car sometime between 5:30 and 6 p.m., but nothing else until she was placed in a police patrol car in the City of Tulare, about noon on November 15.

It is obvious from the transcript that the consumption of beer and the four pills, and the afternoon cruising, occurred on November 14, because it was about noon on November 15 when Officer Simpson received a call from the police dispatcher to go to the Faircourt Motel in Tulare, where he found Mrs. Shahan seated in the back of the patrol car of an officer who preceded him to the motel. Appellant was standing inside the open door of one of the motel units. Officer Simpson testified that Mrs. Shahan appeared to be drugged or intoxicated, although he did not smell alcohol. He was "pretty certain" that her condition was caused by drugs. He further testified:

"I talked to the girl. I asked if she had been drinking, when she had been drinking last, and she said, 'Last night,' and I asked if she had been smoking marijuana or taking pills and she said she didn't smoke marijuana but she had taken some 'reds' and some 'whites.' I asked where she had gotten the pills and she said, 'Allen and that other guy,' and she pointed to the cabin."

Simpson went to the motel room to which Mrs. Shahan pointed, entered, and "informed the other officer of what the girl had told" him. He then arrested appellant and another man who was also in the motel room. Simpson took appellant outside and searched him; a vial found in his left front pocket contained 12 red barbiturate capsules. Mrs. Shahan was arrested for "public intoxication."

■ Although appellant was the movant in the section 1538.5 motion to suppress, the burden of proof of legality for his search without a warrant is upon the prosecution. (*People* v. *Stuart,* 272 Cal.App.2d 653, 662 [77 Cal.Rptr. 531].)

■ Appellant points out that prior to his arrest and search the only information Officer Simpson had was the statement of Mrs. Shahan that he had furnished her restricted dangerous drugs. The matrix of his appeal

is that the officer did not have reasonable cause to search him because Mrs. Shahan was not known to Simpson to be a reliable informant, which placed upon the officer a duty to verify her reliability before making an arrest. Appellant cites a number of general principles governing arrests and searches predicated upon information furnished by an untested informant, the basic rule being that in such instances the officer must obtain independent corroboration of the reliability of the information or the informer. (*Beck* v. *Ohio,* 379 U.S. 89, 96 [13 L.Ed.2d 142, 147-148, 85 S.Ct. 223]; *Ker* v. *California,* 374 U.S. 23 [10 L.Ed.2d 726, 83 S.Ct. 1623]; *Willson* v. *Superior Court,* 46 Cal.2d 291 [294 P.2d 36]; *Remers* v. *Superior Court,* 2 Cal.3d 659, 664 [87 Cal.Rptr. 202, 470 P.2d 11]; *People* v. *Cedeno,* 218 Cal.App.2d 213, 219 [32 Cal.Rptr. 246]; *Pollock* v. *Superior Court,* 272 Cal.App.2d 548, 552 [77 Cal.Rptr. 565].) He also cites cases holding that the fact the informer is a minor is not sufficient in and of itself to justify an arrest or search with or without a warrant. (*People* v. *Scoma,* 71 Cal.2d 332 [78 Cal.Rptr. 491, 455 P.2d 419]; *Pollock* v. *Superior Court, supra,* 272 Cal.App.2d 548.)

The cited cases seem to hold also that the fact the informer was a participant in the criminal activity, standing alone, does not establish his reliability as an informer or justify either the issuance of a search warrant or an arrest and search incident thereto with no further investigation. (*People* v. *Scoma, supra; People* v. *Gallegos,* 62 Cal.2d 176 [41 Cal.Rptr. 590, 397 P.2d 174]; *People* v. *Amos,* 181 Cal.App.2d 506 [5 Cal.Rptr. 451].)

The courts have expressed the foregoing general principles as guidelines, not as inflexible rules to be given procrustean application regardless of the circumstances surrounding an arrest and search. ▉ The basic question to be determined is whether the officer, as a reasonable man, was justified in relying upon the informer's statement in the light of the circumstances facing him at the moment of arrest and search. As said in *People* v. *Diggs,* 161 Cal.App.2d 167, at page 171 [326 P.2d 194]: "Each case must be determined on its own facts. The test is, considering all the information in the hands of the police, would a reasonable police officer act on that information or would a reasonable officer seek further information before making the arrest and conducting the search." (See also *People* v. *Fein,* 4 Cal. 3d 747, 752 [94 Cal.Rptr. 607, 484 P.2d 583]; *People* v. *Livingston,* 252 Cal.App.2d 630, 635 [60 Cal.Rptr. 728].)

▉ In applying the reasonable man test to the facts and circumstances of Officer Simpson's decision to arrest and search appellant, we note the holding in *People* v. *Scoma, supra,* that being both a minor and a victim

does not necessarily clothe an informant with reliability. The minor informer in *Scoma* supplied information upon which a search warrant affidavit was based and, although he had been a participant, the crime had been committed some time in the past and there was ample time for the officer to check the reliability of the juvenile victim-informer and investigate for additional facts surrounding the crime before he decided to obtain a warrant and arrest the accused. It is significant, here, that the participants were at the scene of the crime, Mrs. Shahan, the victim, still under the influence of drugs, pointed to appellant as having supplied her with the drugs. It was stipulated at the hearing that she was arrested for public intoxication (under the influence of drugs) at the same time appellant was arrested for furnishing drugs to her, and a search incident to that arrest turned up the drugs on his person. The critical factor in the case is the exigency which faced Officer Simpson. He had no time to investigate further before acting; the accused could flee while the officer investigated or obtained a search warrant. It is also obvious that such delay might give the accused time to destroy or sequester the evidence.

A reasonable officer is a practical officer, and it would seem highly impractical and unreasonable for Officer Simpson to investigate the reliability of the victim-informer before arresting appellant. Police services are designed to protect the public by making "on the scene" arrests where the victim points out the perpetrator of the crime.

Victims have been held to be reliable informants, or at least their information has been held to furnish reasonable cause for arrest, in cases of rape (*People* v. *Nash,* 261 Cal.App.2d 216, 225 [67 Cal.Rptr. 621]) and robbery (*People* v. *Hogan,* 71 Cal.2d 888, 890 [80 Cal.Rptr. 28, 457 P.2d 868]). We see no reason to distinguish this case on the basis of the kind of crime the victim accused the arrestee of committing.

We conclude that a reasonable man would have made an arrest and conducted a search incident thereto, under the circumstances which were known to Officer Simpson at the moment he decided to arrest appellant.

The argument that the informant in this case was a "not so innocent" victim, as she was 15 years old, married, and the mother of a child, are after-discovered facts that do not alter the facts and circumstances known to the officer at the time the victim pointed to appellant and accused him of giving her drugs. Reasonableness must be judged under the circumstances as they existed at the time the officer made the decision to act upon the basis

of the victim's drugged condition and her accusations at the scene of the crime.

The judgment is affirmed.

Gargano, J., and Brown (G. A.), J., concurred.