39 Cal.App.3d 28 (1974)
113 Cal. Rptr. 801
EDWARD THOMAS BURKE, JR., Petitioner,
v.
THE SUPERIOR COURT OF SONOMA COUNTY, Respondent; THE PEOPLE, Real Party in Interest.
Docket No. 34352.
Court of Appeals of California, First District, Division One.
May 7, 1974.
*30 COUNSEL
Geary, Geary, Shea & Pawson and Michael F. O'Donnell for Petitioner.
No appearance for Respondent.
Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Martin S. Kaye, Deputy Attorneys General, for Real Party in Interest.
OPINION
ELKINGTON, J.
We issued an alternative writ of mandate in order to consider the legality of a warrantless search of a motor vehicle for contraband. It was based upon an untested "citizen informer's" untrue report of his observations which the superior court found was reasonably and in good faith believed by sheriff's officers to constitute probable cause for the search.
Substantial evidence established the following to the satisfaction of the respondent superior court.
A person describing himself by name and as a reserve Sacramento County Sheriff's deputy telephoned the Sonoma County Sheriff's office. He reported that looking out the window of his room in the Tides Motel on the Sonoma County coastside, he had observed "some people either dealing or using drugs." He described the group's automobile by appearance and *31 license number, and stated he "was positive there was marijuana in that vehicle and drugs." He said the stuff was in the trunk and that some had been placed in a Samsonite case within the trunk. About five minutes later a sheriff's officer arrived at the motel and locating the informant's room, talked to him. After obtaining "a verification on the license number" from the informer, the officer left. About a half hour later other sheriff's officers observed and stopped the reported vehicle. The driver of the car, which had three other occupants, was petitioner Edward Thomas Burke, Jr.
Burke was asked to get out of the automobile, and then told to open the trunk, which he did. No contraband coming to view, Burke was asked to open the Samsonite case which was in sight. This brought to light several vials, some of which contained restricted dangerous drugs. An officer reached into the trunk and retrieved a brown paper bag which contained what appeared to be, and was later established to be, marijuana. The contraband was replaced in the trunk, and the automobile was impounded. The next day the officers secured a search warrant which resulted in the seizure of the drugs and marijuana.
It was, of course, the information gained by the first search of the vehicle upon which the search warrant rested. The validity of the latter search thus depends upon the validity of the former. (See People v. Roberts, 47 Cal.2d 374, 377 [303 P.2d 721]; Raymond v. Superior Court, 19 Cal. App.3d 321, 326 [96 Cal. Rptr. 678]; People v. Superior Court (Flynn) 275 Cal. App.2d 489, 492 [79 Cal. Rptr. 904].) The decision of the officers to obtain the search warrant is found to be irrelevant to the issues before us. (Cf. Krauss v. Superior Court, 5 Cal.3d 418, 422-423 [96 Cal. Rptr. 455, 487 P.2d 1023].)
Burke was charged with possession of restricted dangerous drugs (Health & Saf. Code, § 11357) and possession of marijuana (Health & Saf. Code, § 11350). In the superior court he moved, under Penal Code section 1538.5, to suppress the evidence found in his automobile. His contention was that it had been discovered in the course of a constitutionally invalid search.
At the hearing on the motion to suppress at which the informer appeared, the evidence to which we have alluded was developed. But on cross-examination of the informer the certainty of his earlier reported observations vanished. Although he had told the sheriff's officers that he was "positive" that the trunk of Burke's car contained narcotics and drugs, and that he had seen its occupants "dealing or using" drugs, he admitted that he had "just assumed that." He stated that the "drugs" which he had allegedly seen "could very well have been aspirin," or "candy"; indeed, *32 he didn't "have the fuzziest notion" what they were. And he said that "maybe there might [have been] some marijuana," but it "could very well have been tobacco for all [he] knew," and it might have been "Bull Durham."
Beyond any doubt the true observations of the informer, if known to the officers, would not have furnished probable cause for the arrest of Burke, or for the search of his car.
Following the hearing on Burke's motion to suppress, the superior court, among other things, concluded that the sheriff's officers had reasonably relied upon a "citizen informer," and that they "had reasonable cause to believe the vehicle contained contraband." The motion to suppress was denied and these proceedings resulted.
At this point it seems desirable to make some preliminary but nevertheless pertinent observations.
(1) In the superior court proceedings the People, of course, were the real parties in interest. Since the search under inquiry was made without a warrant the burden of its justification rested upon them. (See Horack v. Superior Court, 3 Cal.3d 720, 725 [91 Cal. Rptr. 569, 478 P.2d 1].)
As is well known we are concerned with whether substantial evidence supported the factual determinations of the superior court. If such evidence existed those determinations are wholly binding upon us. (See People v. Newland, 15 Cal.2d 678, 680 [104 P.2d 778]; People v. Wilkins, 27 Cal. App.3d 763, 770 [104 Cal. Rptr. 89]; People v. Lee, 3 Cal. App.3d 514, 525 [83 Cal. Rptr. 715].)
(2) Because of the mobility of automobiles, and the ease with which they may vanish while search warrants are being sought, such vehicles are accorded a lesser degree of protection from warrantless searches than are stationary premises. They may be searched without a warrant when the police have probable cause to believe they contain contraband. (Chambers v. Maroney, 399 U.S. 42, 47-48 [26 L.Ed.2d 419, 426-427, 90 S.Ct. 1975]; Dyke v. Taylor Implement Co., 391 U.S. 216, 221-222 [20 L.Ed.2d 538, 543-544, 88 S.Ct. 1472]; People v. Terry, 70 Cal.2d 410, 428 [77 Cal. Rptr. 460, 454 P.2d 36] [cert. den., 399 U.S. 911 (26 L.Ed.2d 566, 90 S.Ct. 2205); reh. den., 400 U.S. 858 (27 L.Ed.2d 97, 91 S.Ct. 26)]; People v. Medina, 26 Cal. App.3d 809, 816 [103 Cal. Rptr. 337].)
(3) The rule excluding evidence obtained by unconstitutional means was developed to deter unlawful police conduct. It has no reasonable application where police officers in good faith and reasonably, but nevertheless *33 mistakenly, act upon information of criminal activity furnished them. In United States v. Calandra, 414 U.S. 338, 347-348 [38 L.Ed.2d 561, 571, 94 S.Ct. 613], the court stated: "The purpose of the exclusionary rule is not to redress the injury to the privacy of the search victim: ... Instead, the rule's prime purpose is to deter future unlawful police conduct and thereby effectuate the guarantee of the Fourth Amendment against unreasonable search and seizures: ... In sum, the rule is a judicially-created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved." (And see generally the related discussion of Justice (later Chief Justice) Traynor, in People v. Cahan, 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513].)
(4) Our first inquiry is whether substantial evidence supported the superior court's determination that the search of Burke's car resulted from the report of a "citizen informer." Such an informer is a citizen of untested reliability who, acting openly in aid of law enforcement, reports his observation of criminal activity to the police. (People v. Hogan, 71 Cal.2d 888, 890-891 [80 Cal. Rptr. 28, 457 P.2d 868]; People v. Gardner, 252 Cal. App.2d 320, 324-325 [60 Cal. Rptr. 321].)
It has repeatedly been held that such an informer may furnish probable cause for a warrantless search or arrest. The rule has often been applied in the area of narcotic offenses. Thus in Krauss v. Superior Court, 5 Cal.3d 418, 421-422 [96 Cal. Rptr. 455, 487 P.2d 1023], the Supreme Court reiterated that "`[T]ests of reliability that must be applied to experienced stool pigeons do not necessarily apply to every private citizen who aids the police.' ..." There the court held that an uncorroborated statement of a motel chambermaid, that she had observed a marijuana-like substance in the defendant's room, constituted probable cause for issuance of a search warrant. In People v. Barrett, 2 Cal. App.3d 142 [82 Cal. Rptr. 424], a 16-year-old boy's uncorroborated statement about narcotic activity he had observed was held to justify a warrantless arrest and automobile search. Some other cases where probable cause for an arrest or search resulted from information imparted to police by an interested citizen informer are: People v. Rigsby, 18 Cal. App.3d 38 [95 Cal. Rptr. 585] (young girl pointed out defendant as the person who furnished her restricted dangerous drugs); People v. Young, 12 Cal. App.3d 878 [90 Cal. Rptr. 924] (a 13-year-old observed her sister and defendant using narcotics); People v. Bevins, 6 Cal. App.3d 421 [85 Cal. Rptr. 876] (mother reported her daughter's conversation with defendant about purchasing "speed"); People v. Chavez, 275 Cal. App.2d 54 [79 Cal. Rptr. 701] (citizen informer saw a man attempting to sell marijuana); People v. Guidry, 262 Cal. App.2d 495 [68 *34 Cal. Rptr. 794] (landlady observed narcotic paraphernalia in defendant's room); and People v. Waller, 260 Cal. App.2d 131 [67 Cal. Rptr. 8] (hitchhikers reported seeing narcotics in a motor van).
In the case at bench a previously untested private citizen, openly acting in aid of law enforcement, reported to the sheriff's officers that he had observed criminal activity. He gave his name, the name of the motel at which he was staying, and stated that he was a reserve deputy sheriff of a distant county. An officer, obviously checking on the informant, found that he was indeed registered at the motel and under the name that he had given.
Substantial evidence, we conclude, supported the superior court's conclusion that the officers reasonably relied, and acted, on the information given them.
(5) The remaining question is whether the search of Burke's vehicle was nevertheless invalidated because the information upon which it was based later turned out to be untrue.
The question is answered by the recent case of Theodor v. Superior Court, 8 Cal.3d 77, 90-103 [104 Cal. Rptr. 226, 501 P.2d 234]. That case concerned the effect of an affidavit for a search warrant, which was reasonably accepted by a magistrate as establishing probable cause for a search, but the alleged material facts of which were untrue. The court discussed and analyzed divergent rules which had developed in other jurisdictions. It rejected the approach that in determining whether probable cause for a previously executed search under a search warrant existed, all information upon which it was based and thereafter found to be untrue must be "excised." The court instead adopted the rule that: "`Probable cause is established if the facts alleged by the informant, if true, establish [cause for the search] and the affiant-agent has reasonable grounds for believing in the truth of the allegations.' ..." (Ibid. at p. 99.) It was pointed out that "once it has been determined that the affiant [officer] has acted reasonably under the circumstances, little more can be required of him." (Italics added; ibid. at p. 97.) The court emphasized that mere good faith in the accuracy of the facts alleged was insufficient; they must also reasonably be believed. And it drew attention to the fundamental purpose of the exclusionary rule, stating: "To exclude evidence obtained pursuant to a warrant issued on the basis of facts upon which [the police officer] affiant has reasonably relied as being accurate serves no purpose of deterrence to unlawful [police] conduct...." (Ibid. at p. 97.)
The Theodor court then indicated that the rule relating to warrantless searches was much the same. It was stated (p. 100): "There is no reason *35 to hold an officer to a standard of absolute accuracy in those instances in which the inference-drawing power is reserved for the magistrate who is to issue a warrant, when the officer is only required to reach a reasonable factual deduction in those instances in which he makes the inferences and acts without a warrant. In both cases, the constitutional standard is one of reasonableness."
From Theodor the following principles may be distilled. The state has satisfied the Fourth Amendment's requirement when the information made known to its policeman reasonably indicates probable cause for an arrest or search. Reasonableness, not certainty, is required. A search supported by such probable cause, and therefore valid when made, is not subject to defeasance when later events establish that although the state's agent acted reasonably, the information relied upon was untrue. And no constitutional or other public purpose is served by granting the criminal forgiveness or immunity from prosecution, or quashing the evidence against him, because the authorities, while acting reasonably had not been given all, or the true, facts.
It appears that the superior court's determination that the sheriff's officers reasonably relied, and acted upon, the information furnished them, afforded a proper basis for the denial of Burke's motion to suppress. The probable cause which had existed was not retroactively annulled by the informer's later contradictions.
For the reasons stated we find no error, or abuse of discretion, in the superior court's order denying Burke's motion to suppress evidence of the contraband found in his automobile.
The application for peremptory writs of mandate and prohibition is denied; the alternative writ of mandate is discharged.
Molinari, P.J., and Sims, J., concurred.
A petition for a rehearing was denied May 29, 1974, and petitioner's application for a hearing by the Supreme Court was denied July 25, 1974. Wright, C.J., and Sullivan, J., were of the opinion that the application should be granted.