**UNITED STATES of America,**
**Plaintiff,**

**v.**

**ONE 1973 LINCOLN CONTINENTAL, MARK IV, M/S NO. 3Y89A894730, CALIFORNIA LICENSE NO. 857 HVP (Operated by Edward T. Burke, Jr.) its tools and appurtenances, Defendant.**

**No. C-74-1921-WHO.**

United States District Court,
N. D. California.

March 28, 1975.

James L. Brov..iing, Jr., U. S. Atty., Dennis Michael Nerney, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Dallas D. Brock, San Francisco, Cal., for defendant and claimant.

## MEMORANDUM OPINION AND ORDER

ORRICK, District Judge.

Pursuant to 21 U.S.C. § 881 and 49 U.S.C. §§ 781–788, plaintiff, the United States of America, brings this *in rem* action against a 1973 Lincoln Continental automobile. In general, these code sections provide that any vehicle which has been used to transport, conceal, or facilitate the transportation or concealment of any contraband article shall be forfeited to the United States. Edward Thomas Burke, Jr. ("Burke"), the owner of the vehicle, has filed a claim contesting this forfeiture. Burke contends that any contraband found within the car was illegally seized in violation of the Fourth Amendment and is, therefore, inadmissible as evidence to justify the forfeiture.

▮ Having been charged with state criminal violations for the possession of the drugs, Burke moved to suppress the evidence in the Municipal Court for the County of Sonoma. The trial court denied the motion to suppress. In Burke v. Superior Court of Sonoma County, 39 Cal.App.3d 28, 113 Cal.Rptr. 801 (1974), the Court of Appeal in a mandate proceeding upheld the trial court's findings that the evidence was not seized in violation of Burke's constitutional rights. This Court is not precluded from reviewing the validity of the search although the matter has already been considered by the State Municipal Court and Court of Appeal. On the contrary, when evidence obtained by state officers is sought to be introduced into the federal courts, the federal courts cannot rely on a state court determination of the validity of a search, but must exercise independent review under federal standards. Elkins v. United States, 364 U.S. 206, 223, 80 S.Ct. 1437, 4 L.Ed. 2d 1669 (1960).

The matter came on for hearing February 25, 1975. The parties having stipulated to the facts concerning the seizure of the car, the ownership of the vehicle, and the publication of notice of forfeiture, the suppression hearing constituted the trial in this matter.

The Court, having considered the pleadings, the memoranda on file in this action, and the oral arguments presented, finds that the search of defendant vehicle was unlawful and in violation of the Fourth Amendment to the United States

Constitution. I further find that any evidence of contraband discovered in defendant vehicle is inadmissible in this forfeiture action, and that claimant Burke is entitled to the return of defendant vehicle.

## FACTS

On July 29, 1973, a person identifying himself by name as Dougherty and as a reserve Sacramento County Sheriff's Deputy telephoned the Sonoma County Sheriff's Department. He reported that looking out the window of his room in the Tides Motel on the Sonoma County coastside, he had observed "some people either dealing or using drugs". He described the occupants of the automobile, the automobile by appearance and license number, and stated he "was positive there was marijuana in that vehicle and drugs". He said the drugs were in the trunk and that some had been placed in a Samsonite case within the trunk. He also informed the sheriff's dispatcher that the vehicle was leaving the motel parking lot. About five minutes later a deputy sheriff arrived at the motel, located the informant's room, and verified the license number of the vehicle. He did not ask the informer what he had seen or what his position was with the Sacramento County Sheriff's Department. About half an hour later, other deputy sheriffs observed and stopped the reported vehicle. The driver of the car, which had three other occupants, was claimant Burke. Burke was asked to get out of the automobile, and then told to open the trunk, which he did. No contraband coming to view, Burke was asked to open the Samsonite case which was in sight. This brought to light several vials, some of which contained restricted dangerous drugs. An officer reached into the trunk and retrieved a brown paper bag which contained what appeared to be, and was later established to be, marijuana. The contraband was replaced in the trunk, and the automobile was impounded. The next day the officers secured a search warrant. The car was searched again and the drugs and marijuana were seized. The affidavit in support of the search warrant inaccurately stated that the informant had seen both pills and marijuana being used by the occupants of defendant vehicle. The affidavit also recited information that had been obtained in the warrantless search of the vehicle the preceding day.

At the suppression hearing in the Municipal Court for the County of Sonoma, the informant, Dougherty, testified that he had not actually been able to see what transpired among the occupants of the car. He had not been able to see what, if anything, they were handing each other. Nor had he been able to hear what they were saying.

In Burke v. Superior Court of Sonoma County, *supra,* the California Court of Appeal determined that beyond any doubt the true observations of the informer, if known to the police at the time they made the search, would not have furnished probable cause to search. However, relying on California law, the court upheld the search on the theory that the officers had reasonable grounds to believe that they had probable cause to believe that the contraband was in the vehicle at the time they made the search.

## ISSUES

■■ The false statements made in the affidavit in support of the search warrant must be stricken from the affidavit before the sufficiency of probable cause to obtain the warrant may be determined. United States v. Damitz, 495 F.2d 50 (9th Cir. 1974). Once the misstatements of the informant are stricken, the affidavit rests on information obtained during the warrantless search of the preceding day. The fruits of an illegal search cannot be used to justify the issuance of a warrant for a subsequent search. Silverthorne Lumber Co. v. United States, 251 U.S. 385, 392, 40 S.Ct. 182, 64 L.Ed. 319 (1920). Therefore, the legality of the first warrantless

search is determinative of the legality of the subsequent seizure.

■ Although Dougherty was a reserve officer with the Sacramento County Sheriff's Department, he acted as a "civilian informer" not as a "policeman in making his observations and furnishing the present information". Burke v. Superior Court of Sonoma County, supra, 39 Cal.App.3d at 33, 113 Cal.Rptr. 801. The Court must apply the two-pronged test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), to determine the sufficiency of a citizen informant's tip to establish probable cause. The informer must be shown both to have obtained his information in a reliable manner and to be a reliable person.

■■ The officers were justified in believing that Dougherty had obtained his information in a reliable way since he was an eyewitness to the transactions. However, the officers still had the responsibility to ascertain that Dougherty himself was reliable and that there was reasonable grounds to believe that Dougherty had actually seen the narcotics trafficking he had reported. The informer's reliability may be verified on grounds other than past reliability. The reasonableness of his access to accurate knowledge concerning the suspect, independent corroboration of the informer's information and independent investigation indicating the likelihood that the suspect was in possession of contraband may all be used to verify the informant's information. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Likewise, the extent of verified detail provided by the informer may indicate that the report was inherently reliable since only individuals in close contact with the suspect would be privy to such detail. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

In the case at bar, I find that the reliability of the informant was not adequately established and the officers, therefore, did not have probable cause to search the defendant vehicle. The officers made virtually no efforts to check the reliability of the informant before making the search. They did not ask him about his position as a reserve officer and they did not question him about what he had actually seen transpire. They made no effort to determine from what vantage point and distance Dougherty had observed the suspects. Nor do the corroborated details Dougherty provided justify the search. Dougherty was able to describe the car, the license number, the occupants, and a blue overnight case the occupants had with them. This general information could have been obtained by any casual observer and does not support the inference that the informant was necessarily in a position to provide accurate information concerning the contraband.

Accordingly, I find that:

1. The search and seizure of defendant vehicle on July 29, 1973, was unlawful in violation of the Fourth Amendment of the United States Constitution in that the search was made without a warrant, without probable cause, and without the consent of Edward T. Burke, Jr., who was in possession of said vehicle at the time of said search.

2. The July 30, 1973, search of defendant vehicle pursuant to a search warrant was unlawful in violation of the Fourth Amendment to the United States Constitution, in that the affidavit supporting the warrant contained unreasonable mistakes of fact and evidence illegally obtained from the unlawful search of July 29, 1973, and thereby lacked probable cause for the warrant to issue, no other averments being contained in said affidavit to show probable cause.

3. No evidence of contraband discovered and seized as a result of said unlawful searches is admissible in this action for forfeiture.

4. Claimant, Edward T. Burke, Jr., is entitled to a return of defendant vehicle since the government failed to establish that defendant vehicle was used to transport contraband.

Wherefore, it is Ordered that:

1. Defendant vehicle is hereby returned to the claimant, Edward T. Burke, Jr.

2. Claimant shall prepare a judgment in accordance with the above ruling, approved as to form by plaintiff, on or before April 3, 1975.