[No. S101047. Dec. 9, 2002.]

ERIC HUMPHREY, Petitioner, v.
THE APPELLATE DIVISION OF THE SUPERIOR COURT OF LOS
ANGELES, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Michael P. Judge, Public Defender, Victor Acevedo and John Hamilton Scott, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Rockard J. Delgadillo, City Attorney, Debbie Lew, Assistant City Attorney, and Katharine H. MacKenzie, Deputy City Attorney, for Real Party in Interest.

OPINION

**BROWN, J.**—Responding to concerns about the potential spread of the virus that causes acquired immune deficiency syndrome (AIDS), the Legislature enacted Penal Code section 1524.1,[1] which authorizes a court to issue a search warrant to test a criminal defendant's blood for human immunodeficiency virus (HIV) when certain sexual offenses are charged.[2] The warrant may be issued if, after considering supporting and rebutting affidavits and

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] Section 1524.1, subdivision (b)(1) provides, in pertinent part, "[W]hen a defendant has been charged . . . the court, at the request of the victim, may issue a search warrant for the purpose of testing the accused's blood with any HIV test . . . only under the following circumstances: when the court finds . . . there is probable cause to believe that the accused committed the offense, and that there is probable cause to believe that blood, semen, or any other body fluid identified by the State Department of Health Services in appropriate regulations as capable of transmitting the human immunodeficiency virus has been transferred

medical reports, the court finds probable cause to believe (1) the defendant committed the offense charged, and (2) a body fluid capable of transmitting the virus has been transferred to the victim. In this case, we consider whether a section 1524.1 affidavit must be limited to the affiant's personal knowledge or may rely on hearsay.

## I. Procedural and Factual Summary

Petitioner was charged with, inter alia, two counts of molesting or annoying a child (§ 647.6, subd. (a)), two counts of sexual battery (§ 243.4, subd. (d)), and two counts of misdemeanor child abuse (§ 273a, subd. (b)). Ms. A., the mother of the two minor victims, eight-year-old twins, O. and J., submitted an affidavit on their behalf averring as "true and accurate to the best of [her] knowledge and belief" that petitioner had engaged in sexual misconduct with her daughters. The affidavit relied upon reports of police officers and medical personnel relating the statements of the minors. The trial court issued the requested search warrant. The appellate division of the superior court (appellate division) denied the petition for writ of prohibition.[3]

The Court of Appeal reversed, holding that section 1524.1 affidavits could not rely on facts asserted on information and belief.[4] The Court of Appeal decided that absent express statutory authorization, affidavits could not assert facts on information and belief unless they were "incapable of positive averment." (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 87 [260 Cal.Rptr. 520, 776 P.2d 222] (*City of Santa Cruz*), and cases cited therein.) The court stated that medical personnel, police officers, or the victims themselves could have asserted facts within their personal knowledge to establish the requisite probable cause. (See *Gay v. Torrance* (1904)

---

from the accused to the victim." The statute further provides the court "shall conduct a hearing at which both the victim and the defendant have the right to be present. During the hearing, only affidavits, counter affidavits, and medical reports regarding the facts that support or rebut the issuance of a search warrant . . . shall be admissible." (*Id.*, subd. (b)(3)(A).)

[3]The procedural history is slightly more complicated, but is irrelevant to our analysis. The appellate division initially denied the petition, but the Court of Appeal issued an alternative writ, directing the appellate division to decide the petition on its merits or to show cause. The appellate division complied by vacating its prior denial. It later denied the petition in a published decision. The Court of Appeal ordered the appellate division to vacate its denial and grant the petition for writ of prohibition.

[4]Also decided below, but not pertinent to our review, is whether California Rules of Court, rule 62(a), authorized the Court of Appeal to transfer a writ proceeding, and whether California Rules of Court, rules 106 and 976 authorized the appellate division to publish its decision. The Court of Appeal did not address petitioner's objections that the victims did not personally request the search warrant and that the issued warrant did not adequately restrict disclosure of the results. We likewise do not address any of these issues.

145 Cal. 144, 150-152 [78 P. 540] (*Gay*); *Pratt v. Robert S. Odell & Co.* (1944) 63 Cal.App.2d 78, 81-82 [146 P.2d 504] (*Pratt*); *Riviello v. Journeymen Barbers etc. Union* (1948) 88 Cal.App.2d 499, 502-503 [199 P.2d 400].)

█ We granted review to determine whether section 1524.1 affidavits could rely on an affiant's information and belief.

## II. ANALYSIS

### A. *The Probable Cause Standard*

In *City of Santa Cruz*, we noted the general rule that affidavits "lack[] evidentiary value, in a variety of *civil contexts*, when based on information and belief, or hearsay." (*City of Santa Cruz, supra,* 49 Cal.3d at p. 87, italics added.) We also noted, however, that in the criminal context, police officers may rely on hearsay (an informant's statements) in obtaining a warrant to search for incriminating evidence. (*Id.* at pp. 87-88; *People v. Smith* (1976) 17 Cal.3d 845, 850 [132 Cal.Rptr. 397, 553 P.2d 557].)

█ Section 1524.1 is part of the Penal Code, closely aligned with provisions governing the issuance of search warrants in criminal cases. Section 1525, for example, states, "A search warrant cannot be issued but upon probable cause, supported by affidavit . . . ." Fourth Amendment standards govern these provisions of the Penal Code (see, e.g., *People v. Camarella* (1991) 54 Cal.3d 592, 599-601 [286 Cal.Rptr. 780, 818 P.2d 63] (*Camarella*)), and, in light of its placement, we conclude the same standards govern the section 1524.1 warrant. (*People v. Hull* (1991) 1 Cal.4th 266, 272 [2 Cal.Rptr.2d 526, 820 P.2d 1036] [courts consider a statute's placement in construing its meaning].)

Section 1524.1 affidavits must show probable cause to believe in the existence of the facts asserted. Probable cause " 'means less than evidence which would justify condemnation. . . . It [describes] circumstances which warrant suspicion.' " (*Illinois v. Gates* (1983) 462 U.S. 213, 235 [103 S.Ct. 2317, 2330, 76 L.Ed.2d 527] (*Gates*), quoting *Locke v. United States* (1813) 11 U.S. (7 Cranch.) 339, 348 [3 L.Ed. 364, 367].) Probable cause, unlike the fact itself, may be shown by evidence that would not be competent at trial. (*United States v. Ventresca* (1965) 380 U.S. 102, 107 [85 S.Ct. 741, 745, 13 L.Ed.2d 684].) Accordingly, information and belief alone may support the issuance of search warrants, which require probable cause. (*Gates*, at pp. 233-234, 241-242 [103 S.Ct. at pp. 2329-2320, 2333-2334]; *Camarella, supra,* 54 Cal.3d at p. 601.)

*Gates* observed the affiant's " 'basis of knowledge' " is a "relevant consideration[]" in determining the existence of probable cause. (*Gates, supra,*

462 U.S. at p. 233 [103 S.Ct. at p. 2329].) Nevertheless, the affidavits could show probable cause through facts asserted on the information and belief of some unquestionably honest declarants, just as detailed affidavits based on personal knowledge could show probable cause despite questions about the declarant's motives. *Gates* thus created a sliding scale between " 'veracity' " or " 'reliability' " and " 'basis of knowledge' "; "a deficiency in one may be compensated . . . by a strong showing as to the other, or by some other indicia of reliability." (*Ibid.*) Personal knowledge of facts asserted in the affidavit is not an indispensable element of probable cause.

The Court of Appeal relied on civil cases where the affidavits needed to prove the truth of the facts asserted, not merely probable cause; thus, facts asserted on information and belief were not competent evidence. "[W]here an affidavit *is to serve as evidence* those portions which are made on information and belief have no evidentiary value." (*Pratt, supra,* 63 Cal.App.2d at p. 82, italics added.) Likewise, a witness who could not offer hearsay in oral testimony could not offer such testimony in writing; information and belief, regardless of its form, is not competent to prove the misconduct necessary to warrant a new trial. (*Gay, supra,* 145 Cal. at p. 152.) The probable cause standard, however, distinguishes *Gay, Pratt* and *Riviello.* The lesser burden of persuasion warrants a lesser burden of production.

■■■ The Court of Appeal declined to apply the Fourth Amendment standard—apparently, because section 1524.1 is intended to benefit the victim and the accused, not to assist the prosecutor in discovering evidence. Petitioner elaborates this position, contending section 1524.1 procedures are *"completely* unlike Fourth Amendment procedures." He cites a defendant's rights to file counteraffidavits and attend the hearing as evidence of a legislative intent to create a more stringent review of section 1524.1 affidavits. He contends courts must determine the truth of a section 1524.1 affidavit's claims, whereas ordinary search warrants must show only "the reasonableness of the affiant's belief that a warrant is authorized."

Petitioner's position is counterintuitive. ■■■ The United States Supreme Court has distinguished conventional searches conducted to discover incriminating evidence from searches conducted to advance " 'special needs' other than the normal need for law enforcement." (*Ferguson v. City of Charleston* (2001) 532 U.S. 67, 74-75, fn. 7 [121 S.Ct. 1281, 1286, 149 L.Ed.2d 205].) But the court applies a *less* stringent standard in evaluating "special needs" searches. The *Ferguson* court, for example, invalidated a public hospital's nonconsensual, suspicionless searches of patients' urine. The court ruled the searches were impermissible because they served only

the general interest in law enforcement, and not a special need like enhancing public health and safety, which could have justified the search. (*Id.* at pp. 77-84.) The blood tests authorized by section 1524.1 advance the special need of public health, and if they are subject to a different standard than other search warrant affidavits, it should be a less stringent review.

Furthermore, because section 1524.1 expressly incorporates the traditional probable cause standard, affiants need establish only *a fair probability* of a transfer of fluids, not its truth beyond a reasonable doubt. (*Gates, supra,* 462 U.S. at pp. 235, 238 [103 S.Ct. at pp. 2330-2331, 2332].) The defendant's rights to present counteraffidavits and attend the hearing, as the People persuasively explain, reflect the simple recognition that the defendant cannot destroy or conceal evidence as could an ordinary criminal suspect. (See *Franks v. Delaware* (1978) 438 U.S. 154, 169 [98 S.Ct. 2674, 2683, 57 L.Ed.2d 667] [applications for search warrants are "necessarily *ex parte* since the subject of the search cannot be tipped off to the application for a warrant lest he destroy or remove evidence"].) Accordingly, we reject a stringent "personal knowledge" requirement for section 1524.1 affidavits, as none exists for the section 1525 warrants authorizing searches for law enforcement purposes.

In accordance with the Fourth Amendment, we conclude that affiants may rely on hearsay to support a search warrant. Should the girls and their mother again request blood testing, the trial court will face petitioner's argument that there is no probable cause because the minors are not reliable informants.[5] We therefore describe the relevant law to guide the Court of Appeal's review.

B. *Informant Reliability*

 As an alternative ground for finding the affidavit insufficient, petitioner contends the reviewing court should not credit the victims' statements because the girls were not reliable informants, citing *People v. Hogan* (1969) 71 Cal.2d 888, 891 [80 Cal.Rptr. 28, 457 P.2d 868] and *People v. Gardner* (1967) 252 Cal.App.2d 320, 325 [60 Cal.Rptr. 321]. These cases are inapposite. In *Hogan,* after rejecting as insufficient the information provided by an untested, anonymous informant, we distinguished as presumptively reliable the information provided by the victim of the crime. "Such a person,

---

[5]Petitioner also contends that even if a court may consider an affiant's information and belief in determining probable cause, Ms. A.'s affidavit failed to establish probable cause as defined by *Gates, supra,* 462 U.S. 213, because the affidavit described, at most, the transfer of preejaculate fluid, which is not specified in California Code of Regulations, title 22, section 41102 as being capable of transmitting HIV. Petitioner failed to raise this argument before the Court of Appeal, and we therefore decline to consider it. (Cal. Rules of Court, rule 29(b)(1); *People v. Scott* (1996) 14 Cal.4th 544, 553 [59 Cal.Rptr.2d 178, 927 P.2d 288].)

who may expect to be called to testify after an arrest, and may be exposing himself to an action for malicious prosecution if he makes unfounded charges, is more than a mere informer who gives a tip . . . ." (*Hogan*, at p. 891.) The *Gardner* court likewise described a victim as " 'more than a mere informer. He is an observer of criminal activity, who by calling the police, acts openly in aid of law enforcement.' " (*Gardner*, at p. 325, quoting *People v. Lewis* (1966) 240 Cal.App.2d 546, 550 [49 Cal.Rptr. 579].) From these dicta, petitioner distills a concrete requirement that a victim must consciously consider the eventual need to testify and potentially be subject to malicious prosecution charges, and must personally call the police, or else her statements will be presumed unreliable.

Petitioner misperceives *Hogan* and *Gardner*. We have distinguished between those informants who "are often criminally disposed or implicated, and supply their 'tips' . . . in secret, and for pecuniary or other personal gain" and victims or chance witnesses of crime who "volunteer their information fortuitously, openly, and through motives of good citizenship." (*People v. Ramey* (1976) 16 Cal.3d 263, 268-269 [127 Cal.Rptr. 629, 545 P.2d 1333].) O. and J. neither concealed their identity to shield themselves from liability for false statements nor offered information for any ulterior or pecuniary motive. We have never conditioned a victim's presumptive reliability as petitioner proposes, and decline to do so now. The trial court correctly deemed the children presumptively reliable.

## III. Conclusion

Affiants may rely on hearsay in submitting an affidavit to obtain a section 1524.1 search warrant, just as they may to obtain a section 1525 warrant. Because the affiant need show only probable cause, the information and belief may suffice for the requisite showing.

The judgment of the Court of Appeal is reversed and the case remanded for proceedings consistent with this opinion.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Moreno, J., concurred.